AMBROSE B. WHITE & others *vs.* JOHN CREAMER & another.

Worcester.   January 23, 24, 1900. — March 26, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Injunction — Abatement of Nuisance — Record of Conviction — Plea of Nolo contendere — Evidence.*

While a sentence imposed after a plea of *nolo contendere* amounts to a conviction in the case in which the plea is entered, a record showing a conviction on such a plea is not admissible in another proceeding to show that the defendant was guilty.

PETITION, by ten legal voters of the town of Blackstone, under St. 1887, c. 380, to enforce the provisions of St. 1889, c. 114, as to abating a nuisance.   The prayers were for an injunction, or for an injunction until the further orders of the court.   The answer set out that the petition was against persons, and was brought to enjoin acts within the exclusive jurisdiction of the common law courts, and also that the property should be described in the petition.   Hearing before *Lathrop*, J., who reserved the case for the consideration of the full court upon the pleadings and an agreed statement of facts, the material portions of which appear in the opinion.

*B: B. Johnson & M. M. Johnson*, for the petitioners.

*J. W. Corcoran*, (*F. N. Thayer & W. B. Sullivan* with him,) for the respondents.

LATHROP, J.   It is stated in the agreed facts that the only questions that are to be decided are : 1. Whether the court record containing the plea of *nolo contendere* is competent evidence in this proceeding, against the defendants' objection ; and if so, can the prayers of the petition be granted thereon ? 2.   Such questions as are raised in the answer to the sufficiency of the petition.

It appears from the agreed facts that at the time the petition was brought, namely, July 8, 1899, the defendants Mulvey and Creamer were doing business on the premises described in the petition, and that they had sold, exposed, and kept for sale on

said premises spirituous and intoxicating liquors to be drunk on the premises since May 1, 1899, and until the filing of this petition. It also appears that on April 29, 1899, licenses, legal and proper in form, of the first and fourth classes under the Pub. Sts. c. 100, were issued to them, running until May 1, 1900.

It further appears that on May 4, 1898, similar licenses were issued to them; and that a complaint was made on July 6, 1898, to the Second District Court of Southern Worcester, alleging that the respondent Creamer on July 3, 1898, at Blackstone, "unlawfully did keep for sale intoxicating liquors, with intent then and there unlawfully to sell the same"; and that on July 11, 1898, Creamer pleaded *nolo contendere,* and was adjudged guilty, and sentenced to pay a fine of $100, which he paid.

The contention of the petitioners is, that, although there was no violation of the license issued in 1899, the proceedings in the District Court amount to a conviction, and under the St. of 1889, c. 114, amending the Pub. Sts. c. 100, § 18, no license could issue to Creamer for a year after such conviction. The clause referred to of the St. of 1889, c. 114, after providing for penalties for violating the provisions of a license, is as follows: " A licensed person who violates any provision of his license shall, in addition to said penalties, forfeit his license, and be disqualified to hold a license for the period of one year after his conviction."

The principal question which has been argued, is as to the effect of the plea of *nolo contendere.* We do not doubt that a sentence imposed after a plea of *nolo contendere* amounts to a conviction in the case in which the plea is entered. *Commonwealth* v. *Horton,* 9 Pick. 206. *Commonwealth* v. *Ingersoll,* 145 Mass. 381. But we are of opinion that a record showing a conviction on such a plea is not admissible in another proceeding, to show that the defendant was guilty. A plea of *nolo contendere* is not an express confession of guilt, as is a plea of guilty, but is merely an implied confession. If the plea is accepted, the defendant is bound by it, and may be sentenced; but he is not estopped to plead not guilty in an action for the same fact. 2 Hawk. P. C. (8th ed.) c. 31, § 3. This has been recognized as the law of this Commonwealth. *Commonwealth* v. *Horton, ubi supra.* In *Commonwealth* v. *Tilton,* 8 Met. 232, it was said by

Chief Justice Shaw : " This plea, like a demurrer, admits, for the purposes of the case, all the facts which are well stated, but is not to be used as an admission elsewhere." So, in *Commonwealth* v. *Ingersoll*, 145 Mass. 381, it was said by Chief Justice Morton : " It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act." See also *Peacock* v. *Hudson Quarter Sessions*, 17 Vroom, 112. The same view is adopted by the modern text writers. Mr. Bishop, speaking of this plea, says : " The difference between it and guilty appears simply to be, that while the latter is a solemn confession which may bind the defendant in other proceedings, the former is a confession only for the purposes of the particular case." 1 Bish. Cr. Pro. § 802. See also Whart. Cr. Ev. (9th ed.) § 577 ; Washb. Man. Cr. Law, (2d ed. ) 131 ; Heard, Cr. Pl. 263.

The case of *Commonwealth* v. *Horton*, 9 Pick. 206, relied upon by the petitioners, while it recognizes the law to be that a plea of *nolo contendere* is not admissible against the person pleading it in a civil proceeding for the same act, holds that a conviction under such a plea is admissible against a third person, in an action on a recognizance entered into by him to the government, the condition of which is that a person licensed to retail spirits should observe the laws relating to such retailers for one year, the person so licensed having afterwards been convicted upon a plea of *nolo contendere*.

We have no occasion to consider whether this case was rightly decided or not. The question before us is not whether a third person might be liable under such circumstances, but whether the record is evidence in another proceeding brought against the person who made the plea of *nolo contendere*.

The petitioners have addressed to us a learned argument to show the origin of the rule, and contend that the plea of *nolo contendere* differs from the plea of guilty in its effect upon collateral matters, only in civil and criminal actions for trespass to the person. Very likely the effect of the plea may have first been considered in cases of this kind ; but we see no reason why it should be confined to them ; and we are content to follow Chief Justice Shaw and Chief Justice Morton in the views which they expressed in the cases above cited.

It is unnecessary, therefore, to consider the other questions argued, or to decide whether, if Creamer had pleaded guilty instead of pleading *nolo contendere*, the present petition could be maintained.   See *Carleton* v. *Rugg*, 149 Mass. 550.

*Petition dismissed.*