**BELDING v. STATE ex rel. DAVIS, Sol.**
(6 Div. 470.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

**1. Quo warranto ⊚═26—Information in nature of quo warranto is civil proceeding, and is not governed by rules and principles applicable to prosecutions for crime.**

Information in quo warranto is civil proceeding, and is not governed by rule applicable to prosecution for crime; fact that inquiry involves ascertainment of conduct punishable as a crime not changing its civil character.

**2. Quo warranto ⊚═7.**

Proceeding in quo warranto praying that physician practicing without certificate be prohibited therefrom is authorized, under Code 1923, § 9932, subd. 1.

**3. Venue ⊚═77.**

Benefit of venue statutes is waived by failure to plead to venue seasonably in trial court.

**4. Appeal and error ⊚═186—Failure of respondent to plead to venue was waiver of right, and objection is unavailable on appeal (Loc. Acts 1919, p. 62).**

Since Loc. Acts 1919, p. 62, creating Bessemer division of Tenth judicial circuit, did not affect general jurisdiction of subject-matter vested in Birmingham judges of circuit, but operated only on venue of actions, in quo warranto in Birmingham division of the circuit, where no plea to venue was interposed by respondent, he waived right thereto, and objection to venue is unavailable on appeal.

**5. Quo warranto ⊚═48—In quo warranto to enjoin unlicensed practice of medicine, it was unnecessary for information to charge that respondent practiced medicine and treated human diseases according to any system.**

In information showing respondent was practicing medicine without certificate from state board, it was unnecessary to charge that he practiced medicine and treated human diseases according to any system, nor describe in detail acts and treatments complained of.

**6. Quo warranto ⊚═61—Decree in quo warranto prohibiting physician from practicing profession held not to exclude him from practice when he becomes legally qualified.**

Decree in quo warranto excluding and prohibiting respondent from practicing profession of medicine by treating human diseases *held* not to exclude him from practice of medicine when he may become legally qualified to do so.

<hr>

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Quo warranto by the State of Alabama, on the relation of Jim Davis, Solicitor, against J. C. Belding. From the judgment, respondent appeals. Affirmed.

This proceeding is by an information in the nature of quo warranto, filed by the solicitor of the Tenth judicial circuit in said circuit court at Birmingham, showing that the respondent, Belding, was practicing the profession of medicine by treating the diseases of human beings without having obtained a certificate of qualification from the state board of medical examiners, or the license required by law, and praying that he be prohibited from practicing medicine in Jefferson county until he shall have complied with the law.

Respondent's demurrer to the petition being overruled, a trial was had before a jury, and he was found guilty of the conduct charged; the jury being affirmatively instructed thereto at the instance of the solicitor.

Thereupon the court rendered a decree that respondent "be and he is hereby excluded and prohibited from practicing such profession." Respondent appeals.

J. S. McLendon, of Birmingham, for appellant.

The evidence does not show that the act complained of was committed in the division of the county of which the trial court has jurisdiction, and defendant was due the affirmative charge. Local Acts 1919, p. 62, § 2; Justice v. State, 13 So. 658, 99 Ala. 180; King v. State, 77 So. 935, 16 Ala. App. 341;

Randolph v. State, 14 So. 792, 100 Ala. 139; Hardeman v. State, 99 So. 53, 19 Ala. App. 563.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and F. M. Dixon, Asst. Sol., both of Birmingham, for appellee.

Appellant cannot raise for the first time on appeal the question of failure to prove venue. Circuit Court rule 35; Eaton v. State, 101 So. 94, 20 Ala. App. 110; Id., 101 So. 471, 20 Ala. App. 187. It is not necessary to allege the system by which defendant practiced medicine. Robinson v. State, 102 So. 693, 212 Ala. 459; Wideman v. State, 104 So. 441, 213 Ala. 170.

SOMERVILLE, J. [1] Information in the nature of quo warranto is a civil proceeding, and is not governed by the rules and principles applicable to prosecutions for the conviction of crime. Taliaferro v. Lee, 13 So. 125, 97 Ala. 92, 98; Ames v. Kansas, 4 S. Ct. 437, 111 U. S. 449, 28 L. Ed. 482; 32 Cyc. 1414, 2. The fact that the inquiry involves the ascertainment of conduct on the part of the respondent which is punishable as a criminal offense in a proper criminal proceeding does not change the civil character of the information, which looks to civil consequences only.

[2] The proceeding in this case is authorized by subdivision 1 of section 9932, Code of 1923. Robinson v. State ex rel. James, 102 So. 693, 212 Ala. 459. Our statutory system of quo warranto is coextensive in scope with the common-law information in the nature of quo warranto, and as to practice and procedure is exclusive of the common law which it has supplanted. State ex rel. Weatherly v. B'ham Waterworks Co., 64 So. 23, 185 Ala. 388, 401, Ann. Cas. 1916B, 166. As to its civil character the statutory proceeding does not differ from the proceeding at common law.

[3] The rule in civil cases is that the benefit of venue statutes may be waived by the defendant, and is waived by his failure to plead to the venue seasonably in the trial court. Woolf v. McGaugh, 57 So. 754, 175 Ala. 299, 307; Cleveland v. Little Cahaba Coal Co., 87 So. 567, 205 Ala. 369.

[4] In so far as the case at bar is concerned, it will suffice to quote what this court has said of venue in its relation to territorial divisions of Jefferson county for the holding of probate courts, the principle being the same as for the circuit court:

"The act noted did not effect or intend the creation of two probate courts in Jefferson county. The act's effect was to assign the venue—not the jurisdiction over a subject-matter within the competency of such courts—of matters arising in a defined area to judicial cognizance at Bessemer, thereby establishing at Bessemer a mere branch, department, or division of the single unit, the probate court of Jefferson county. * * * If the appellant desired to save, and not waive, the objection to the power of the probate judge or court to decide the matter at Birmingham, the county seat, instead of at Bessemer, it should have been reserved in the lower court." Hines v. Hines, 84 So. 712, 203 Ala. 633.

So, also, as to the act of 1919 (Local Acts 1919, p. 62) creating the Bessemer division of the Tenth judicial circuit. It does not affect the general jurisdiction of subject-matter vested in the Birmingham judges of the circuit, but operates only upon the venue of actions within the circuit.

Hence the fact that the respondent's unlawful practice of medicine was in territory west of Bessemer, and therefore territorially within the jurisdiction of the Bessemer division, and without the jurisdiction of the Birmingham division, presented a question of venue merely, and, no plea to the venue being interposed by the respondent, he effectually waived his rights in the premises, and that objection is not available to him now on appeal.

[5] The demurrer to the petition was properly overruled. It was not necessary to charge that the respondent was practicing medicine and treating human diseases according to any system. Wideman v. State, 104 So. 441, 213 Ala. 170. Nor was it necessary to describe in detail the particular acts and treatments complained of, which were of course matters of evidence and not of pleading. The petition in this case seems to be identical with that presented in Robinson v. State, 102 So. 693, 212 Ala. 459, and is in all respects sufficient.

The undisputed evidence clearly established the allegations of the petition, and the trial judge properly instructed the jury to find for the state, and properly entered a decree on the verdict prohibiting the respondent from practicing medicine.

[6] It is complained that the form of the decree, as worded, will prevent the respondent from ever in future practicing medicine, even though he should hereafter become qualified by certificate and license. The decree will, however, be construed as it applies to the facts before the court, and is not intended, and will not be permitted, to exclude the respondent from the practice of medicine when he may become legally qualified to do so.

We find no error in the record, and the judgment and decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.