STATE EX REL. McELLIOTT, APPELLANT, v. FOUSEK, MAYOR, RESPONDENT.

(No. 6,936.)

(Submitted January 19, 1932. Decided February 27, 1932.)

[8 Pac. (2d) 795.]

458

Messrs. *Molumby, Busha & Greenan,* for Appellant, submitted a brief; *Mr. L. J. Molumby* argued the cause orally.

*Mr. Warren Toole,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The facts of this case are identical with those in case No. 6929, *State ex rel. Anderson* v. *Fousek,* ante, p. 448, 8 Pac. (2d) 791, this day decided, except that relator here was not sentenced upon a verdict of the jury but upon a plea of *nolo contendere.* On the authority of that case, the judgment here must be affirmed unless a different result must follow because of the plea of *nolo contendere* interposed by relator to the indictment in the United States district court.

Relator contends that, since the only evidence offered before ▇▇ the police commission to prove that he "has been found guilty of any crime" is the judgment of the federal court entered on the plea of *nolo contendere,* the judgment of the district court cannot be sustained, for he asserts that under the plea of *nolo contendere* no issue was presented authorizing an adjudication of guilt. In the briefs of respective counsel the nature and origin of the plea of *nolo contendere* as announced by the courts has been reviewed at great length. We deem it unnecessary to review the decisions of state courts on the subject. Relator's chief reliance in support of the point above stated is upon the case of *Tucker* v. *United States,* 196 Fed. 260, 41 L. R. A. (n. s.) 70, 116 C. C. A. 62 (Seventh Circuit). The United States supreme court has settled this question against the contention of relator. Mr. Justice Stone, speaking for that court in the case of *Hudson* v. *United States,* 272 U. S. 451, 71 L. Ed. 347, 47 Sup. Ct. Rep. 127, 129, in consid-

ering the effect of this plea, said: "Like the implied confession, this plea does not create an estoppel; but, like the plea of guilty, it is an admission of guilt for the purposes of the case." In that opinion it was pointed out that the decisions of the seventh circuit were out of harmony with judicial decisions elsewhere. Thereafter the seventh circuit, in the case of *Roitman* v. *United States,* (C. C. A.) 41 Fed. (2d) 519, held that judgments of conviction were not erroneous on a plea of *nolo contendere.* Again the United States supreme court, in the case of *United States* v. *Norris,* 281 U. S. 619, 74 L. Ed. 1076, 50 Sup. Ct. Rep. 424, 425, said: "After the plea [being one of *nolo contendere*], nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Regarded as evidence upon the question of guilt or innocence, the stipulation came too late, for the plea of *nolo contendere,* upon that question and for that case, was as conclusive as a plea of guilty would have been." As noted from these cases, the plea does not create an estoppel, and hence the person interposing the plea is at liberty in another proceeding to relitigate the fact of his guilt or innocence.

But the only issue before the police commission, the lower court and this court was whether relator had been convicted of a felony. The question of actual guilt or innocence was not and is not involved in these proceedings. (*In re Peters,* 73 Mont. 284, 235 Pac. 772.)

It follows that the judgment must be, and is, affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.