79 So.2d 74

**William Claud WRIGHT**

v.

**STATE.**

**8 Div. 793.**

Supreme Court of Alabama.

March 31, 1955.

Bernard F. Sykes, Asst. Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the Petition.

Bradshaw, Barnett & Haltom, E. B. Haltom, Jr., Florence, opposed.

STAKELY, Justice.

The Court of Appeals in its opinion said:

"It is now the well settled rule in this jurisdiction that a separation of a jury during the trial of a felony creates, prima facie, a cause for reversible error. A separation being shown, the burden is on the State to affirmatively establish that the separated juror or jurors were subjected to no influences or contacts that might have influenced their verdict. * * *

"This rule is so zealously guarded that even though the defendant and his counsel consent to a separation, his right to have investigated on a motion for a new trial the question of harmful influences arising during a separation is in nowise affected, and the onus is yet on the State to show that no prejudice resulted to the defendant because of, or during the separation. Mitchell v. State [244 Ala. 503, 14 So.2d 132], supra." [79 So.2d 70].

Mitchell v. State, 244 Ala. 503, 14 So. 2d 132, involved the prosecution of a capital felony. There are expressions, however, in this decision which might have led the Court of Appeals to make its comment with reference to the consent of the defendant and his counsel to a separation in a case involving a noncapital felony. In denying the writ we do not mean to agree that in a prosecution for a noncapital felony the defendant and his counsel and the prosecuting officer may not consent to a separation of the jury. In such a situation the court being apprised of such consent beyond the hearing of the jury may in its discretion authorize such a separation. In this event there would be no burden on the state to establish affirmatively that the separated juror or jurors were subjected to no influence or contacts that might have influenced their verdict.

With reference to the proposed procedure by the Court of Appeals as to proof of statements confessory in character by a recording machine, we think it best to reserve the right to consider this matter when and if presented to this court.

The writ is denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.