131 So.2d 420

**STATE of Alabama ex rel. Charles WOODS**

v.

**James T. THROWER.**

4 Div. 60.

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied June 22, 1961.

Lee & McInish, Dothan, for appellant.

W. G. Hardwick and Wm. G. Hause, Dothan, for appellee.

SIMPSON, Justice.

This is a proceeding in the nature of quo warranto brought by appellant against appellee to test the right of appellee to hold the incumbent office of Commissioner of the City of Dothan.

The facts giving rise to the litigation are: Appellee was a duly qualified elector of Dothan on September 21, 1959 and on said date was duly elected as a member of the Board of Commissioners of the City of Dothan for a term of two years; on October 5 next thereafter he qualified under the law and took office as such commissioner; on June 3, 1960 he was adjudged guilty in the United States District Court at Birmingham of a felony under the laws of the United States (evading payment of United States income taxes) and was fined $1,500 by the judge of said court. The conviction was rested on a plea of "nolo contendere"; thereafter and on October 20, 1960, the instant proceedings were instituted to require him to vacate the office of City Commissioner.

It is the contention of appellant that under our constitution and certain of our statutes appellee is disqualified to hold the office because of the aforesaid conviction. The sections of our constitution and statutes of instant concern are:

Section 60 of the Constitution of Alabama which provides:

"No person convicted of * * * infamous crime, shall be eligible * * * or capable of holding any office of profit or trust in this state."

Title 41, § 5, of the Code which provides, among other things, as follows:

"The persons who are ineligible to, and disqualified for holding office under the authority of this state, are: * * * those who shall have been convicted of * * * any other crime punishable by imprisonment in the state or federal penitentiary. * * *"

Section 182 of the Constitution which provides, among other things, as follows:

"The following persons shall be disqualified both from registering, and from voting, namely: * * * those who shall be convicted of * * * any crime punishable by imprisonment in the penitentiary, or of any infamous crime or crime involving moral turpitude. * * *"

Title 17, § 15 of the Code which provides, among other things, as follows:

"The following persons shall be disqualified both from registering and voting: * * * those * * * who shall be convicted of * * * any crime punishable by imprisonment in the penitentiary, or of any infamous crime or crimes involving moral turpitude. * * *"

Laying aside certain niceties of pleading argued on this appeal, we go to the heart of the legal question presented, viz.: Does such a conviction based on a plea of nolo contendere render appellee ineligible to hold the stated office in view of the constitutional and statutory proscriptions, supra. The trial court held that it did not, and we are in agreement. There may be authority to the contrary, but our two appellate courts seem to have laid the question at rest against the contention of appellant.—Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 231 Ala. 680, 166 So. 604; Wright v. State, 38 Ala.App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74.

The doctrine in this jurisdiction is that the plea of nolo contendere, so called, is not in a strict legal sense a plea in the criminal law at all, but is a formal declaration by the accused that he will not contest with the prosecuting authorities under the charge. It is in the nature of a compromise between the State and the defendant and if accepted by the trial judge (which in his discretion he may or may not do) a judgment of conviction may be entered thereon. It is not a plea of guilty but is in the nature of a tacit confession and is limited to the particular case and only that case. It has no effect outside of that case.

To illustrate, in the Murphy case this court, with respect to the plea, stated:

"We advert to the nature of the plea entered as 'nolo contendere' in the federal jurisdiction, which was not 'a plea in the strict sense' in criminal law, and was not conclusive in that it was no more than a formal declaration by the accused that he would not contend with the prosecuting authorities under the charge. This procedure is allowable only upon leave and acceptance of the court, and when accepted becomes an implied confession of guilt for the purpose of that case. The effect of the general authorities is that such plea has no effect beyond the particular case, and cannot be used against the defendant as an admission in any civil suit for the same act. 16 C.J. p. 404; United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; Pharr v. United States, 6 Cir., 48 F.2d 767, 770; Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; Tucker v. United States, 7 Cir., 196 F. 260, 41 L.R.A.,N.S., 70, 73." [231 Ala. 680, 166 So. 609]

The Corpus Juris citation in the Murphy case has a good statement of the theory as applied in this jurisdiction:

"The so-called plea of 'nolo contendere', which is still allowed in some jurisdictions, is not a plea in the strict sense of that term in the criminal law, but a formal declaration by accused that he will not contend with the prosecuting authority under the charge. It is said to be in some respects in the nature of a compromise between the state and defendant. It is not one of the pleas, general or special, open to accused in all criminal prosecutions, and is allowable only under leave and acceptance by the court. When accepted by the court, it becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty; and when judgment has been entered on the plea, the record is competent evidence of the fact of conviction. The difference between it and a plea of guilty appears simply to be that, while the latter is a confession binding defendant in other proceedings,

the former has no effect beyond the particular case."

Cases from some other jurisdictions, in addition to the cases cited in the Murphy case, supra, holding to the same theory are: Mickler v. Fahs, 5 Cir., 243 F.2d 515; Piassick v. United States, 5 Cir., 253 F.2d 658; Chester v. State, 107 Miss. 459, 65 So. 510; Caminetti v. Imperial Mutual Life Ins. Co., 59 Cal.App.2d 476, 139 P.2d 681; White v. Creamer, 175 Mass. 567, 56 N.E. 832; Schireson v. State Board of Medical Examiners, 130 N.J.L. 570, 33 A.2d 911; In re Stiers, 1933, 204 N.C. 48, 167 S.E. 382.

It is true that our two cases—Murphy and Wright—involved an attempt to prove a prior conviction of the accused for a different purpose, the court holding that such proof was inadmissible under the above quoted principle. But we perceive of no rational distinction in principle between those cases and the instant one where the trial court held inadmissible the proof of the appellant's conviction on such a plea in order to prove the State's case. It was as equally inadmissible. Such a distinction impresses us as being the difference between "tweedle-dum and tweedle-dee".

Some of the out-of-state cases, supra, however, squarely hold that such a conviction does not disqualify the accused from holding public office. Just how the question comes up in a given case seems to be unimportant. The life line of the rule is that the record of such a conviction is limited to the case and only the case in which the plea is entered; it is, in fact, not a conviction at all on a plea of guilty, but is an adjudication on a declaration by the accused in open court that, for reasons personal to himself (and there could be many bona fide, honest ones) he prefers not only to stand mute with respect to answering the charge, but also will not contest the prosecution's efforts with respect to it.

We see no room for an adverse argument under the rule of our cases.

Some argument is made with respect to whether or not this proceeding is civil or criminal. In our view it is in the nature of a civil proceeding (Fraser v. State, 216 Ala. 426, 113 So. 289; Belding v. State, 214 Ala. 380, 107 So. 853; Ames v. State of Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482). However, we likewise entertain the view that whether civil or criminal is unimportant. The quotations with respect to the rule do mention the fact that the plea is inadmissible against the defendant in a civil case for the same act, but that statement of principle is merely one facet of the stated rule. Indeed, we observe that the Wright case by the Court of Appeals was a criminal case.

We think the trial court ruled correctly in quashing the writ and in rendering judgment for the respondent-appellee.

Affirmed.

### On Rehearing

Application for rehearing overruled.

All of the Justices concurring except GOODWYN, J., who dissents.

LAWSON, Justice.

If this were a matter of first impression, I would agree with the view expressed by Justice GOODWYN on rehearing. But I do not think we should recede in this case from the view expressed in Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 231 Ala. 680, 166 So. 604, or say that the holding in that case is not dispositive of the question at hand. I can see no factual distinction which would justify a different holding.

I agree, therefore, that the application for rehearing be overruled.

GOODWYN, Justice (dissenting).

I concurred in the opinion on original deliverance but, after further consideration on rehearing, I am convinced my concurrence was laid in error.

In deciding the case, I think it is necessary to consider only § 60, Constitution

1901, which provides, in pertinent part, as follows:

"No person *convicted* of * * * infamous crime, shall be * * * capable of holding any office of trust or profit in this state." [Emphasis supplied.]

It is my view that the nature of the plea, whether it be one of "guilty", "not guilty", or "nolo contendere", including the entering of a plea of "not guilty" when the accused stands mute, is immaterial in determining whether there has been a "conviction" within the meaning of the constitutional proscription. It is the fact of being convicted which the Constitution lays down as a ground for disqualification and not the nature of the plea made by the accused. In view of the obvious purpose and unrestricted wording of the disqualifying provision I do not think we would be warranted in saying it is applicable to convictions had on one kind of a plea and not applicable to convictions had on another kind. The Constitution says that no person who is "convicted" of an infamous crime is capable of holding office. And what is the meaning of the word "convicted"? It means, I think, a final judgment in a criminal trial that the accused is guilty as charged. Such was the judgment held to be inadmissible in evidence in this case.

It appears that the holding of the majority is based principally on the cases of Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 231 Ala. 680, 166 So. 604, and Wright v. State, 38 Ala.App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So. 2d 74. The Court of Appeals in the Wright case followed the Murphy case, which was controlling on that court. Code 1940, Tit. 13, § 95. The question of present concern was not dealt with in the certiorari proceeding. So, in reality the Murphy case is the principal authority relied on by the majority. Involved in that case was a statute prescribing the disqualification as witnesses of persons convicted of certain criminal offenses. In the case now before us, there is not only a statute involved but also a provision of the Constitution. This is the first time the constitutional provision has been before this court on the question here presented. I would either restrict what was said in the Murphy case as being applicable only to the statute there under consideration or, preferably, would overrule what was there said on the question before us as not being supported by the better-reasoned authorities.

The position taken in this dissent is amply supported by respectable authorities. See: Ballurio v. Castellini, 1954, 29 N.J. Super. 383, 102 A.2d 662; Neibling v. Terry, 1944, 352 Mo. 396, 177 S.W.2d 502, 152 A.L.R. 249; State ex rel. McElliott v. Fousek, 1932, 91 Mont. 457, 8 P.2d 795, 81 A.L.R. 1099; 43 Am.Jur., Public Officers, § 200, p. 44; Annotation 81 A.L.R. 1100; Annotation 152 A.L.R. 253; Annotation 71 A.L.R.2d 593, 598.

I would grant the application for rehearing.