**BANK FOR SAVINGS AND TRUSTS,**
Appellant,

v.

**Frank S. BLACKFORD, as Trustee in Bankruptcy of Young, Henry & Mallory Poultry Company, Appellee.**

No. 19568.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1962.

---

1. The defendant defined stress merchandise to mean "bankrupt stock, job lots, anything that somebody wants to get rid of."

M. L. Taliaferro, C. V. Stelzenmuller, Birmingham, Ala., Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, Ala., of counsel, for appellant.

Dan P. Barber, David J. Vann and Barber & Johnston, Birmingham, Ala., White, Bradley, Arant, All & Rose, Birmingham, Ala., of counsel, for appellees.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The question presented for decision is whether it was necessary to perfect the security of the bankrupt partnership's conditional sales contracts as against the trustee in bankruptcy that the instruments be recorded both in the Bessemer Division and in the Birmingham Division of the Office of the Judge of Probate of Jefferson County, Alabama.

At the time of the purchase of the three automobile trailers in issue, two of the partners lived in Birmingham and one in Bessemer, all in Jefferson County. The partnership had its principal office and place of business in Bessemer. The three automobile trailers were purchased in Birmingham and immediately taken to Bessemer where they customarily remained or were used. The conditional sales contracts were recorded in the Bessemer Division but not in the Birmingham Division of the Office of the Judge of Probate of Jefferson County.

The district court disallowed the claims as secured claims because the instruments were not recorded in the Birmingham Division. The appellant insists that ruling was erroneous for either of two reasons: (1) regardless of the nature of a partnership, the requirements of all applicable recording statutes were met; (2) under the Alabama law the partnership was a legal entity and the residence of the individual partners was not material. The appellee disputes both of these contentions. We hold with the appellant on the first and do not reach the second contention.

The general statute, Title 47, Sec. 131 of the 1940 Code of Alabama, provides for the recording of contracts for the conditional sale of personal property "* * * in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains." Under the facts of this case, if that statute controlled, it would require recording simply in Jefferson County. That is true also as to Title 47, Sec. 110 of the 1940

Code of Alabama, providing for the recording of chattel mortgages.[1]

Recording in the Bessemer Division is provided for in Title 12, Sec. 163 of the 1940 Code of Alabama.

"§ 163. *Title papers filed, recorded, etc.*—All papers, documents, and other things pertaining to the title to property that are authorized to be filed and recorded in any office in said county are hereby authorized and required to be filed and recorded in such offices of such officers at Bessemer, as in this chapter provided for, if the property affected thereby or sought to be affected thereby is located within or partly within the territory over which the circuit court of Jefferson county, sitting at Bessemer, has and exercises jurisdiction; provided, however, if such property is located partly within such territory and partly within the remaining territory of said county, then such instrument, document or paper must be filed and recorded both in the office at the county site and at Bessemer, as herein provided for, provided, further, that if such property is located partly within the territory herein provided for and partly within some other county, then such instrument, document, or paper may be recorded at the place herein provided for and also in the proper office in the other county. Such records in either of the events in this section provided for shall operate in all respects just as though the same had been filed and recorded in the offices of the respective officers at the county site of such county. All such records so made shall be kept at the place herein provided for, and not at the county site."

As may be observed, that statute contains no express reference to the residence of any of the parties to the instrument, but refers to the location of the property. The trailers were customarily located in Bessemer, and the recording of the instruments in the Bessemer Division met the requirements of that statute.

The instruments having been properly recorded in the Bessemer Division in which the trailers were located, Title 12, Section 163 provides that such records "shall operate in all respects just as though the same had been filed and recorded in the offices of the respective officers at the county site of such county." That is, recording at Bessemer operates as recording in Jefferson County in which all of the partners reside. Under the language of the statutes it would seem that all recording requirements were met.

In urging a different result the appellee relies principally upon Griffith v. Karter, 1897, 116 Ala. 160, 22 So. 484, and Lamar v. Lincoln Reserve Life Ins. Co., 1930, 222 Ala. 60, 131 So. 223. Griffith v. Karter, supra, involved the construction of two statutes having reference to Blount County, Alabama. The Supreme Court of Alabama said in part:

"We construe the act of February 14, 1893, having relation to the recording of conveyances, etc., at Bangor, in Blount county, taken in connection with the act of February 13, 1891, dividing said county, for certain purposes, into two parts, to be known as the Eastern and Western divisions, respectively (Acts 1892–93, pp. 587–589; Acts 1890–91, pp. 592–594), to practically make two counties of the county of Blount for all the purposes of recording conveyances of real and personal

---

1. *"Mortgages, etc., of personal property; where recorded.*—Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance, unless the property is immediately removed to the county of the grantor's residence; and if before the lien is satisfied the property is removed to another county, the conveyance must be again recorded within three months from such removal, in the county to which it is removed." Title 47, § 110, Code of Alabama 1940.

property, and imputing notice of conveyances by the fact of registration." 22 So. 484, 485.

The actual holding of the case was thus expressed:

"These considerations enforce the conclusion that, after the passage of the act of 1893, there was no warrant of law for the registration of a mortgage, executed by a resident of the Western division of Blount county on personal property at the time in said division, in the office of the judge of probate at Oneonta, on the books there kept for the Eastern division of said county, and that such registration of such mortgage did not import notice of its existence." 22 So. at 485.

Under like facts, a like result would obtain in Jefferson County under Alabama Code, Title 12, Sec. 163, supra. That is, recording in the Bessemer Division alone would not suffice as to property located in the Birmingham Division. Nothing said in Griffith v. Karter, supra, however, would authorize or require a holding that recording in the Bessemer Division would not suffice as to property located in the Bessemer Division, when two of the purchasers reside in Birmingham and one in Bessemer, all in Jefferson County.[2]

Nor does such a result follow from Lamar v. Lincoln Reserve Life Ins. Co., supra. That case involved the statute which is now Title 12, Sec. 163 of 1940 Code of Alabama, the statute applicable in the present case. It held no more, however, than that the recording in the

office of the Probate Judge in Birmingham of a mortgage on land in Bessemer was without warrant of law and inefficacious as imparting notice of the existence of the mortgage. That holding is no authority for saying that all recording requirements were not met in the present case. We think that they were and so hold.[3]

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

2. It would unduly prolong this opinion to compare and distinguish the two statutes having reference to Blount County from the present statute having reference to Jefferson County. It is enough to note that neither of the Blount County statutes contains any provision like that in Title 12, Sec. 163, supra, which reads: "Such records in either of the events in this section provided for shall operate in all respects just as though the same had been filed and recorded in the offices of the respective officers at the county site of such county."

3. Our conclusion is strengthened by several other decisions of the Supreme Court of Alabama which makes it clear that the Act of the 1915 Legislature of Alabama which included what is now Title 12, Sec. 163 of the 1940 Code of Alabama did not have the effect of establishing a new county. Board of Revenue of Jefferson County v. Huey, 1916, 195 Ala. 83, 70 So. 744; Belding v. State ex rel. Davis, 1926, 214 Ala. 380, 107 So. 853; Ex parte Central of Georgia Ry. Co., 1942, 243 Ala. 508, 10 So.2d 746.