LOCAL 1516, INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION, AFL–CIO, Mobile Banana Handlers Vacation Plan, and Mobile Banana Handlers Pension Plan, Plaintiffs,

v.

UNITED STATES of America, John Doe I, John Doe II, and John Doe III, being persons, partnerships, corporations, officers or agencies of the United States whose names and capacities are to the plaintiffs otherwise unknown but which will be inserted by way of amendment when ascertained, jointly and severally, Defendants.

Civ. A. No. 78–135–H.

United States District Court,
S. D. Alabama, S. D.

May 25, 1978.

J. Cecil Gardner, and Christopher E. Peters, Mobile, Ala., for plaintiffs.

Ian F. Gaston, Mobile, Ala., for intervenor Isom Clemon.

W. A. Kimbrough, Jr., U. S. Atty., Mobile, Ala. and Frederick E. Martin, Atty., Dept. of Justice, Washington, D. C., for defendant.

HAND, District Judge.

This matter is presently submitted for the Court's consideration of the government's motion to dismiss which the Court has chosen to treat as a motion for summary judgment. The Court has considered the record in this case, the memoranda of law and oral arguments advanced by counsel for all parties, together with the applicable law, and finds as follows:

### FINDINGS OF FACT

1. The plaintiff in this case, I.L.A. Local 1516, is a labor organization within the meaning of the National Labor Relations Act, Title 29, U.S.C.A., §§ 2(4) & (5).[1] The plaintiff-intervenor, Isom Clemon, is and was at all times relevant to this action, the business agent of Local 1516 and one of the trustees of the vacation and pension plans of the Mobile Banana Handlers. The defendant United States of America is sued on the basis of conduct carried on by its

---

1. The original plaintiffs also included the Mobile Banana Handlers Vacation Plan and the Mobile Banana Handlers Pension Plan, employee welfare benefit plans within the meaning of the Employees Retirement Income Security Act, Title 29, U.S.C.A., § 1002(1). These plaintiffs were dismissed on their own motions on March 24, 1978 pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

agents in the Department of Justice acting within the line and scope of their authority.

2. Intervenor Clemon was indicted on August 19, 1977 on thirty-five counts of embezzling approximately $9,000.00 in funds from I.L.A. Local 1410 in violation of Title 29, U.S.C.A., § 501(c), which provides that:

Any person who embezzles, steals or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000.00 or imprisoned for not more than five years, or both.

After an initial plea of not guilty at his arraignment on August 25, 1977, Clemon changed his plea to nolo contendere on thirty-four counts on December 30, 1977, and the government dismissed the other count. This Court accepted the plea pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, entered a judgment of conviction, and sentenced Clemon to serve five years on each of the thirty-four counts to be served concurrently, with imposition of sentence suspended and a probationary period of five years ordered. Additionally, Clemon was required to pay a fine of $5,000.00 during the probationary period. This conviction and sentence imposed thereon were not appealed.

3. By two letters dated February 16, 1978, both Clemon and Local 1516 President Theodore Boggs were informed by Philip Wilens of the United States Department of Justice that the Department viewed Clemon's conviction as a bar to Clemon's continued service as an "officer, director, trustee, member of any executive board or similar governing body, business agent, manager, organizer, or other employee of any labor

organization," and, similarly, that such conviction barred Clemon from serving as "administrator, fiduciary, officer, trustee, custodian, counsel, agent or employee of any employee benefit plan or as consultant to any employee benefit plan." [2] The government's conclusion with regard to the bar on service as a union employee was predicated on Title 29, U.S.C.A., § 504(a):

No person who . . . has been convicted of . . . robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, assault which inflicts serious bodily injury, or a violation of subchapter III or IV of this chapter, or conspiracy to commit any such crimes, shall serve—

(1) as an officer, director, trustee, member of any executive board or similar governing body, business agent, manager, organizer, or other employee (other than as an employee performing exclusively clerical or custodial duties) of any labor organization,

. . . for five years after such conviction.[3]

With respect to the bar concerning service on one of the employee benefit plans, the Department's conclusion was based on Title 29, U.S.C.A., § 1111(a):

No person who has been convicted of . . . embezzlement . . . [or] . . . a violation of the Labor-Management Reporting and Disclosure Act of 1959 . . . shall be permitted to serve—

(1) as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, or employee of any employee benefit plan, or

(2) as a consultant to any employee benefit plan,

---

2. I.L.A. International President Thomas A. Gleason was similarly informed of the government's position in a letter from Wilens dated February 17, 1978.

3. The statute creates exemptions for those persons whose citizenship rights have been fully restored prior to the termination of the five year period, and for those persons whose ser-

during or for five years after such conviction . . . .[4]

4. In the original complaint the plaintiff sought a declaratory judgment by this Court determining whether or not Isom Clemon is presently disqualified from serving as a business agent of Local 1516 and as a trustee of the employee benefit plans. The letters from the Justice Department put the plaintiff in a rather anomalous position: If it retained Clemon as business agent and trustee it faced possible criminal charges under sections 504 and 1111,[5] while discharging Clemon could bring on civil liability for violation of Clemon's contract rights.

The plaintiff also requested that this Court enjoin the defendant United States from instituting or attempting to institute any prosecution against the plaintiff, its officers, trustees, employees, or members, under either section 504 or 1111, until entry of a final declaratory judgment. The government stipulated, through the United States Attorney for the Southern District of Alabama, that no such prosecutions would be instigated prior to such final judgment.

5. Intervenor Clemon seeks a declaratory judgment that he is not disqualified from serving as business agent of Local 1516 and as trustee of the employee benefit plans, together with a permanent injunction restraining the government from instituting or attempting to institute any prosecutions against Clemon pursuant to section 504 or 1111.[6]

6. The government, in support of its motion to dismiss, contends that Clemon's conviction became final on December 30, 1977, that such conviction was a conviction within the meaning of sections 504 and 1111, and that Clemon is thereby precluded from con-

tinuing service as business agent of Local 1516 and as trustee of the employee benefit plans.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this lawsuit and the parties hereto by virtue of Title 28, U.S.C.A., §§ 1331 and 1346, since this action requires judicial construction of various federal statutes under the Labor-Management Reporting and Disclosure Act and the Employees' Retirement Income Security Act.

2. Although the government filed a motion to dismiss, the Court is convinced that it is more properly a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, since there is "no genuine issue as to any material fact" and the government contends that it is "entitled to judgment as a matter of law."

3. The only question before the Court is whether the judgment of conviction resulting from Clemon's plea of nolo contendere amounts to a "conviction" under the disqualification provisions of LMRDA and ERISA. The plaintiff relies upon the Alabama Supreme Court decision of *State v. Thrower*, 272 Ala. 344, 131 So.2d 420 (1961), in which that Court ruled that a conviction stemming from a plea of nolo contendere "is limited to the case and only to the case in which the plea is entered," since there is no true conviction but rather "an adjudication on a declaration by the accused in open court that, for reasons personal to himself . . . he prefers not only to stand mute with respect to answering the charge, but also will not contest the prosecution's efforts with respect to it." *Id.* at 423. The

vice the Department of Justice's Board determines would not be contrary to the purpose of the statute. Neither of these administrative remedies is relevant to the instant litigation.

4. The same administrative remedies are available under section 1111 as were available under section 504. *See* note 3, *supra*.

5. Both sections prohibit any person from permitting any other person from serving in any official capacity in violation of the statutes.

6. Clemon originally sought a preliminary injunction restraining such prosecutions, but this was denied on March 31, 1978, the Court having concluded that intervenor Clemon had failed to establish that there was a substantial likelihood of success on the merits.

*Thrower* court followed the case law tradition that a conviction based on a plea of nolo contendere cannot be used as an admission of civil or criminal liability. *See, e. g., Smith v. United States,* 287 F.2d 299 (5th Cir. 1961). While this Court has on various occasions acknowledged and applied the foregoing traditional rule, the Court is of the opinion that the rule is not applicable to the facts of this case. The controlling decision on facts similar to those present here is *Qureshi v. Immigration & Naturalization Service,* 519 F.2d 1174 (5th Cir. 1975). There the Fifth Circuit was concerned, as this Court today is concerned, with the *fact of conviction,* not the evidentiary uses to which such conviction might be subsequently put. The *Qureshi* court, dealing with a deportation statute making an alien deportable if he has been convicted of certain offenses,[7] concluded that the statute's "language encourages no inquiry into how— only into whether—one was convicted." *Id.* at 1176. The congressional intent apparent on the face of sections 504 and 1111 of Title 29 evokes the same question—not how Clemon was convicted, but whether. Under this state of the law and facts the Court is bound to find that Isom Clemon has been convicted of an offense within the meaning of sections 504 and 1111, and that such statutes act as a bar to his continued service as business agent of Local 1516 and trustee of the employee benefit plans.

---

**7.** Title 8, U.S.C.A., § 1251(a) provides, in pertinent part, that:

> Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who—(5) . . . has been convicted under section 1546 of Title 18 . . . . .