404 So.2d 106 (1981)
Donald SNIPES
v.
STATE of Alabama.
4 Div. 844.
Court of Criminal Appeals of Alabama.
March 17, 1981.
Rehearing Denied April 21, 1981.
Robert P. Lane of Phillips & Funderburk, Phenix City, for appellant.
Charles A. Graddick, Atty. Gen. and J. Thomas Leverette, Asst. Atty. Gen., for appellee.
TYSON, Judge.
The indictment charged Donald Snipes with the burglary of the dwelling house of James Lowery, Jr., while armed with a deadly weapon, a knife, and then fleeing therefrom following entry, contrary to § 13A-7-6 of the Code of Alabama 1975. The jury found the appellant "guilty of the lesser included offense of burglary in the third degree" and after conducting a separate sentencing hearing and obtaining evidence of certain prior burglaries, the appellant was sentenced to 26 years' imprisonment.
On the morning of March 5, 1980, Denise and James Lowery locked and left their home at 1903 24th Street, Phenix City, Alabama at 7:45 a. m. and drove to Lummus Industries in Columbus, Georgia where both were employed. The couple left work at approximately 12 o'clock noon and returned to their home and as they were driving toward the front of the house both noticed a black male, dressed in a blue denim jean outfit with a blue denim hat, coming down *107 their driveway carrying a red tote bag, which Mrs. Lowery recognized as her own. The couple turned into their driveway and noticed a large front window broken open. They then backed out of their driveway and began to follow the black male who had been observed moments before walking down their driveway. This individual was subsequently identified in open court by both Mr. and Mrs. Lowery as the appellant. Snipes, however, began to run, and ran through a field so that Mr. Lowery stopped at a Majik Mart where Mrs. Lowery telephoned police while Mr. Lowery continued to follow appellant in his car, circling the block, and moments later saw the appellant emerging from a wooded area approximately one-half mile from their home. He called to the appellant to wait, but appellant again disappeared. However, fifteen or twenty minutes later, after returning to their home, the appellant was brought to their residence by two Phenix City police officers where both Mr. and Mrs. Lowery positively identified him as the party they had seen run down their driveway with a red tote bag in his hand.
A number of items of jewelry such as rings, necklaces and bracelets were removed from the pockets of the appellant which were identified by Mr. and Mrs. Lowery as their property, and which had been in their home earlier that day when they left for work. A short time later another Phenix City police officer drove up and presented a red tote bag which Mrs. Lowery identified as hers. The tote bag contained a clock radio, a camera, a set of candle sticks and two wine goblets which were wedding presents belonging to the couple. The Lowerys identified these items as having been in their home when they left for work that morning, and that no one, including the appellant, had been given permission to enter therein. The officer stated that he found the red tote bag and the items therein in a field where the appellant had been observed running.
The appellant did not take the stand at trial or offer testimony from other witnesses.

I
The appellant first calls attention to a motion filed before trial wherein he had sought to obtain a preliminary hearing and cites this court to Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Appellant's counsel notes that this motion was filed after grand jury indictment and arraignment thereon, but was filed by counsel at his first opportunity and asserts as error the trial court's denial of this motion. This issue has been determined adversely to appellant in an opinion written for this court by Judge Bookout as Duncan v. State, Ala.Cr.App., 369 So.2d 885 (1979), as follows:
"[1] The appellant's remedy in a preliminary hearing would be dismissal of the charge if there is a lack of probable cause. The returning of an indictment is a finding that probable cause does exist. There is still no constitutional requirement in Alabama that there be two inquiries into probable cause. Ex parte Campbell, 278 Ala. 114, 176 So.2d 242 (1965). Constitutionally, a preliminary hearing is not necessary to satisfy the requisites of due process, and the fact that there was no preliminary hearing in cases prior to the enactment of the statute in question has had no bearing on the validity of an indictment or subsequent proceedings. Scaife v. State, Ala.Cr. App., 337 So.2d 146 (1976).
"[2] While the appellant's statutory right to a preliminary hearing may have been infringed in the instant case, we hold that no reversible error results where an indictment has been returned against the accused. It would be folly on the part of this court to reverse a case in order to require a repetitious inquiry into probable cause where such had already been determined by the grand jury. For this reason, we hold that any error committed by the trial court in not granting the appellant a preliminary hearing was harmless. Rule 45, Alabama Rules of Appellate Procedure."

*108 II
The appellant next calls attention to the closing argument of the district attorney (R 98-99) and contends that such constituted an indirect reference to the appellant's failure to take the stand and testify.
The argument in question is as follows:
"(Mr. Collinsworth made the concluding argument to the jury in behalf of the State of Alabama, during which the following objection occurred, to-wit:)
"MR. COLLINSWORTH: * * * What explanation did you hear from him as to the jewelry being found in the defendant's front pocket? What explanation did he have as to this nasty thing? What do you think this thing was on the defendant for, to clean his fingernails? He had it with him when he went in that house in case he needed it. Ladies and gentlemen, we're lucky today that we are not prosecuting a murder or rape, it's just a burglary today.
"MR. DAVENPORT: Objection, your Honor. That's calculated to prejudice the jury. This is not a charge of murder or rape. And we would ask the Court to instruct the jury to disregard those remarks.
"THE COURT: Objection will be sustained. Ladies and gentlemen, you may disregardyou must disregard the last statement made by the district attorney. We are here today on a charge of burglary.
"MR. COLLINSWORTH: I'm sorry, your Honor.
"(Mr. Collinsworth concluded his argument to the jury without further objection.)"
At the outset it should be noted that the appellant was found in possession of two knives in his clothing at the time of his arrest by the Phenix City police officers. The two knives were placed in evidence at trial, one of which belonged to Mr. Lowery, and the owner of the other knife was not identified at trial. It is therefore apparent that the prosecutor's comment was made with reference to an armed individual going into the Lowery home. This is obviously a reasonable inference from the evidence and not a comment on the failure of the appellant to take the stand. Johnson v. State, 272 Ala. 633, 133 So.2d 53 (1961), Grady v. State, Ala.Cr.App., 391 So.2d 1095 (1980) and authorizes cited. Further, with reference the statement "... we are not prosecuting a murder or rape, it's just a burglary today", the trial court promptly sustained the objection to this argument and instructed the jury to disregard such statement and the district attorney apologized.
No further ruling was invoked in the trial court, and under the circumstances as shown by this record, we are of the opinion that any possible prejudicial effect was eradicated by the trial judge's action. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Merchant v. State, Ala.Cr.App., 384 So.2d 627 cert. denied, Ala., 384 So.2d 632 (1980); Grady v. State, Ala.Cr.App., 391 So.2d 1095 (1980); Proctor v. State, Ala.Cr. App., 391 So.2d 1092 (1980).

III
The trial court conducted a separate sentencing hearing after the trial, at which three authenticated copies of burglary convictions from Muscogee County, Georgia were placed in evidence, each showing a conviction of the appellant for a prior separate offense of burglary. It was after receiving these matters in evidence that the trial court entered its judgment which set sentence at 26 years' imprisonment and determinated that the appellant was a Habitual Offender within the meaning of the Alabama Statutes.
We find that a proper objection was made by the appellant's attorney to the admissibility of the three Georgia prior convictions which raise the issue vel non of the trial court's basing its determination of the habitual offender status of appellant on these three prior convictions.
Without dispute, two of these convictions are based on guilty pleas entered in Superior Court, Muscogee County, Georgia. In the third case, however, appellant merely entered a plea of "nolo contendere" to the charge against him.
*109 In using this conviction (Muscogee Superior Court No. 31183), in which a nolo contendere plea had been entered by the appellant, the trial court committed error.
Mr. Justice Simpson quoting from Corpus Juris in the case of State ex rel. Woods v. Thrower, 272 Ala. 344, 131 So.2d 420 (1961) stated:
"`The so-called plea of "nolo contendere", which is still allowed in some jurisdictions, is not a plea in the strict sense of that term in the criminal law, but a formal declaration by accused that he will not contend with the prosecuting authority under the charge. It is said to be in some respects in the nature of a compromise between the state and defendant. It is not one of the pleas, general or special open to accused in all criminal prosecutions, and is allowable only under leave and acceptance by the court. When accepted by the court it becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty; and when judgment has been entered on the plea, the record is competent evidence of fact of conviction. The difference between it and a plea of guilty appears simply to be that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case.'"
See also Fidelity-Phenix Fire Ins. Co. v. Murphy, 231 Ala. 680, 166 So. 604 (1936) and May v. Lingo, 277 Ala. 92, 167 So.2d 267 (1964). See Annotation 89 A.L.R.2d 540.
The rule in Alabama is that a conviction based upon a plea of nolo contendere is inadmissible in evidence in other proceedings, Smith v. State, 46 Ala.App. 157, 239 So.2d 230 (1970); Wright v. State, 38 Ala. App. 64, 79 So.2d 66 cert. denied, 262 Ala. 420, 79 So.2d 74 (1954) and May v. Lingo, supra.
It therefore follows that the sentencing hearing of the appellant must be set aside and held for naught under the foregoing authorities. This case is hereby affirmed but remanded for a proper sentence not inconsistent with this opinion.
AFFIRMED, REMANDED FOR PROPER SENTENCE.
HARRIS, P. J., concurs.
BOOKOUT and DeCARLO, JJ., concur in Parts I and II and concur specially in Part III.
BOWEN, J., concurs in Part II; concurs specially in Part III, but dissents as to Part I.
BOOKOUT, Judge, concurring specially:
I concur in parts I and II of the opinion, but concur specially in part III only because the decisions of the supreme court are binding upon this court per § 12-3-16, Code of Ala. 1975. Cases cited in the opinion, supra, certainly hold that a conviction based upon a plea of nolo contendere cannot be used in any other proceeding. Yet, I disagree with the reasoning in those opinions and hope that on certiorari the supreme court would adopt the reasoning set out in Justice Goodwyn's dissent in State v. Thrower, supra. That is, the "conviction" and not the "nature of the plea" is what should govern.
The statute in question here, § 13A-5-9, Code of Ala. 1975, provides for enhanced punishment on proof of certain prior felony "convictions." The appellant had a prior "conviction" in Georgia which was based upon a plea of nolo contendere which would support a conviction in that state. The fact that defendants cannot enter a "nolo" plea in Alabama courts should have no effect on a valid conviction in another state. Our habitual offender statute does not prohibit the use of convictions based upon pleas of "nolo contendere" and neither should our courts, in my opinion. See: 24B C.J.S. Criminal Law § 1960(1), p. 450 n. 74; 5 ALR2d, Anno. § 15, at 1103.
DeCARLO, J., joins in the above.
BOWEN, J., concurs in Part II and joins in special concurrence.
BOWEN, Judge, concurring in part and dissenting in part.
I concur in Part II and join in the special concurrence in Part III of the majority *110 opinion. I dissent from Part I for the reasons I stated in my dissent in Duncan, 369 So.2d at 888.