ALMON, Justice,
dissenting.
I respectfully dissent from the decision of the majority of this Court to quash the writ of certiorari as improvidently granted.
As Judge Bookout of the Court of Criminal Appeals has pointed out, the cases holding that a plea of nolo contendere cannot be used in another proceeding should not be followed.
Justice Goodwyn, in his dissent in State v. Thrower, 272 Ala. 344, 131 So.2d 420 (1961), states the better reasoning as follows: “It is my view that the nature of the plea, whether it be one of ‘guilty’, ‘not guilty’, or ‘nolo contendere’ ... is immaterial in determining whether there has been a ‘conviction . . .. ” Code 1975, § 13A-5-9, provides for punishment based on prior “convictions” and does not speak to the plea in the prior proceeding. To disallow the use of a conviction based on a plea of nolo contendere is to allow a defendant to circumscribe the operation and purpose of the statute.
It is my opinion that a conviction in another state, based on a plea of nolo conten-dere, should be used like any other conviction in determining punishment under § 13A-5-9.
MADDOX, J., concurs.