MONTIEL, Judge.
The appellant, Winston Allen Singleton, Jr., was convicted of murder as charged in the indictment. The appellant was sentenced to 99 years’ imprisonment.
On August 22, 1990, the appellant was seen by witnesses stabbing Reginald Tyr-onne Moorer. Trial testimony showed that the victim died as the result of a chest wound inflicted by a sharp instrument. *935 Three eyewitnesses testified that they saw the appellant approach the victim and stab him twice without provocation.
The appellant testified in his own behalf at trial and stated that both he and the victim were drunk on the day of the incident. The appellant claimed that he and the victim had been drinking and were “cruising” in the victim’s truck. He testified that the victim suddenly stopped the truck and ordered the appellant out of .the truck. A tussle followed, and the victim “jammed a broken bottle” into the appellant’s leg. Later in the day, the appellant claims that he and the victim had another confrontation. This time, the victim attacked the appellant with a “close-balled fist with something in it.” The appellant testified that he then stabbed the victim once in self-defense.
The appellant contends that the prosecution improperly used a prior conviction, which had been predicated on a plea of nolo contendere, to impeach his credibility. At trial, the appellant was asked, “Okay, back in December 3,1982, you were convicted of possession of a stolen motor vehicle and [were] sentenced to two years in the penitentiary. Is that correct?” The appellant answered, “Yes.” The appellant’s counsel objected and moved to strike the answer and moved for a mistrial. The trial court overruled the objection and denied the motions.
The appellant argues that the prosecution’s use of this prior conviction was improper and should not have been allowed because, he argues, convictions based upon pleas of nolo contendere are not admissible in criminal prosecutions in Alabama. Alabama follows the minority rule, which states that “a conviction based upon a plea of nolo contendere is inadmissible in evidence in other proceedings.” Snipes v. State, 404 So.2d 106, 109 (Ala.Crim.App.1981), cert. quashed, 404 So.2d 110 (two cases) (Ala.1981). See also McNair v. State, [Ms. CR-90-1556, July 24, 1992], 1992 WL 172200 (Ala.Crim.App.1992). But see Snipes (Bookout, J., specially concurring) (urging the Alabama Supreme Court to adopt the majority view, which states that “the ‘conviction’ and not the ‘nature of the plea’ is what should govern” and McNair (Montiel, J., specially concurring). See State ex rel. v. Thrower, 272 Ala. 344, 131 So.2d 420 (1961) (Goodwyn, J., dissenting). Present law, however, is that “a conviction on a plea of nolo contendere is not admissible in this jurisdiction for the purpose of discrediting a witness.” Wright v. State, 38 Ala.App. 64, 68, 79 So.2d 66, 69, cert. denied, 262 Ala. 420, 79 So.2d 74 (1954).
Thus, the State’s use of this prior conviction, which was based upon a plea of nolo contendere, was improper. The State should not have been allowed to impeach the appellant with evidence of this conviction. The appellant’s conviction is reversed and the cause remanded for a new trial. It is- unnecessary for this court to address the other issue raised by the appellant in his brief.
REVERSED AND REMANDED.
All the Judges concur.