MADDOX, Justice
(concurring in the result).
We issued the writ of certiorari requested by the State to reconsider the rule in Alabama that prior convictions based on pleas of nolo contendere are not admissible in evidence to impeach a criminal defendant’s credibility as a witness. The Court of Criminal Appeals had applied that rule to reverse the defendant’s conviction. This Court now quashes the writ as improvidently granted. The rule in this State, even though it is the minority view, clearly is that convictions based on pleas of nolo contendere are not admissible to impeach a defendant’s credibility.
Winston Allen Singleton, Jr., was convicted of murder and was sentenced to 99 years’ imprisonment. On appeal, Singleton contended that the prosecution improperly used a prior conviction, which had been predicated on a plea of nolo contendere, to impeach his credibility. At trial, Singleton was asked, “Okay, back [on] December 3, 1982, you were convicted of possession of a stolen motor vehicle and [were] sentenced to two years in the penitentiary. Is that correct?” Singleton answered, “Yes.”
The prior conviction had occurred in Providence County, Rhode Island. Singleton’s counsel objected to the admission of the evidence of that conviction, moved to strike the answer, and moved for a mistrial. The trial court overruled the objection and denied the motions.
The Court of Criminal Appeals reversed and remanded, stating as follows:
“Alabama follows the minority rule, which states that ‘a conviction based upon a plea of nolo contendere is inadmissible in evidence in other proceedings.’ Snipes v. State, 404 So.2d 106, 109 (Ala.Crim.App.1981), cert. quashed, 404 So.2d 110 (two cases) (Ala.1981). See also McNair v. State, [Ms. CR-90-1556, July 24, 1992], 1992 WL 172200 (Ala.Crim.App.1992). But see Snipes (Book-out, J., specially concurring, urging the Alabama Supreme Court to adopt the majority view, which states that ‘the “conviction” and not the “nature of the plea” is what should govern’) and McNair (Montiel, J., specially concurring). See State ex rel. Woods v. Thrower, 272 Ala. 344, 131 So.2d 420 (1961) (Goodwyn, J., dissenting). Present law, however, is that ‘a conviction on a plea of nolo contendere is not admissible in this jurisdiction for the púrpose of discrediting a witness.’ Wright v. State, 38 Ala. App. 64, 68, 79 So.2d 66, 69, cert. denied, 262 Ala. 420, 79 So.2d 74 (1954).”
Singleton v. State, 622 So.2d 934, at 935 (Ala.Crim.App.1992).
I believe that the Court of Criminal Appeals has correctly stated and applied the law as it exists at this time. I would not now change this evidentiary rule, in view of the fact that this Court’s Advisory Committee on Rules of Evidence has submitted to this Court a proposed set of rules of evidence and commentary that this Court intends to consider in the near future, and the admissibility of convictions based upon pleas of nolo contendere is dealt with in at least three of the proposed rules.[1] Be *937 cause the subject of the admissibility of convictions based on pleas of nolo conten-dere will be considered when this Court reviews the Proposed Rules of Evidence, I would decline to consider the question now, but would await the comments the Court receives from the bench and bar regarding those proposed rules.

. The proposed rules of evidence and commentary are published in the 615 So.2d Advance Sheet No. 2, dated May 13, 1993. This Court will hold a hearing on these proposed rules at 9:00 a.m., Thursday, October 7, 1993, in the Supreme Court courtroom. See, the order of the Court dated April 27, 1993, that precedes the Proposed Rules of Evidence. Any person desiring to appear before the Court at that hearing should file an appropriate request with the clerk no later than August 27, 1993. The proposed rules and corresponding commentary relevant to the issue of the admissibility of prior convictions based on pleas of nolo contendere are Rules 410, 609, and 803(22).