Omar AHMED, Lloyd Douglas, Jessie Gray, Abdul Rahman Zaid, Sandra Bacon, Kenneth Singleton, Ahmed X, Plaintiffs,

v.

Nelson ROCKEFELLER, John V. Lindsay, Howard Leary, Ernest Moran and Frank Hogan, Defendants.

No. 69 Civ. 4862.

United States District Court
S. D. New York.

Jan. 7, 1970.

Fred Samuel, Chief Counsel, Harlem Assertion of Rights, Inc., New York City, for plaintiffs (Carl O. Callender, Brooklyn, N.Y., Peggy Davis and Darryl Nicholas, of counsel).

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants Nelson Rockefeller and Ernest Moran (Hillel Hoffman, Asst. Atty. Gen., of counsel).

J. Lee Rankin, Corp. Counsel, New York City, for defendants John V. Lindsay and Howard Leary (Victor P. Muskin, Asst. Corp. Counsel, of counsel).

Frank S. Hogan, Dist. Atty. of New York County, New York City, for defendant Frank Hogan (Robert Tanenbaum, Asst. Dist. Atty., of counsel).

## OPINION

MacMAHON, District Judge.

Defendants move to dismiss plaintiffs' action for a declaratory judgment, dam-

ages and injunctive relief. The motions are grounded on lack of jurisdiction, failure to present a substantial federal question and failure to state a claim upon which relief can be granted.

This law suit concerns a New York State criminal prosecution for trespass under § 140.10 of the New York Penal Law, McKinney's Consol.Laws, c. 40. Plaintiffs, for three months prior to their arrest on September 23, 1969, had pitched tents and were, in effect, living on certain property in Harlem which was owned by the State of New York and which had been designated by a Bill of the New York State Legislature as the site for a proposed state office building. Plaintiffs claim that their forcible removal, arrest and pending prosecution violates their federal constitutional rights to freedom of expression, due process and equal protection.

Specifically, plaintiffs seek a permanent injunction restraining the state prosecution for trespass and the construction of the state office building until their right to possession of this property is adjudicated under the New York Real Property Actions & Proceedings Law. Plaintiffs also seek damages of $80,000 and a judgment declaring § 140.-10 of the New York Penal Law unconstitutional.

■ Fundamental principles of federalism dictate that a federal court cannot enjoin a state criminal prosecution unless highly unusual circumstances exist, beyond the injury usually involved in a criminal proceeding. Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Those seeking interference must show a chilling effect on the right of free speech stemming from the application of a statute that is unconstitutional on its face and which is being applied in bad faith. Cameron v. Johnson, *supra*.

■■ The statute involved here provides that:

"A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders." N.Y. Penal Law § 140.10.

The definition of "trespass" is exact and straightforward, and without any explanation by the plaintiffs of just where the ambiguity lies, we conclude that it is not unconstitutionally vague. See, Adderley v. Florida, 385 U.S. 39, 41–43, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); Edwards v. South Carolina, 372 U.S. 229, 236–237, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963). Nor is it so broadly drawn that it invades an area of protected expression. Its application is limited by the word of art "unlawfully" only to those who are in a place where they do not have a right to be. See, Adderley v. Florida, *supra*, 385 U.S. at 41–43, 47, 87 S.Ct. 242.

■ Moreover, this was a single arrest based on a narrowly drawn statute. There are no facts presented which indicate defendants were harassing plaintiffs or indicted them without expectation of conviction. Cameron v. Johnson, *supra*, 390 U.S. at 619–621, 88 S.Ct. 1335; Dombrowski v. Pfister, *supra*, 380 U.S. at 490, 85 S.Ct. 1116.

Plaintiffs, therefore, fail to show special circumstances warranting this court's interference in the state criminal process.

As for the factually related, although legally independent, request for a declaratory judgment, Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), in determining that the trespass statute is neither overbroad nor vague, we necessarily do not invoke the abstention doctrine, but rather dismiss that part of plaintiffs' action for failure to state a claim for relief.

Plaintiffs' remaining arguments all turn on whether plaintiffs were tenants at sufferance under state law and, there-

fore, were legally evicted by force. Deciding this is strictly a matter of construing a state statute, and if construed as plaintiffs suggest, it would avoid any further litigation. See, Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). These arguments can be presented in the state court, and it would be unrealistic for us to assume that the New York state courts will be any less likely than this court to protect plaintiffs' rights under the federal constitution and state law. Cameron v. Johnson, *supra*, 390 U.S. at 620, 88 S.Ct. 1335.

Accordingly, defendants' motions to dismiss are granted.

So ordered.