SAM W. TAYLOR, Judge.
Defendants, Melvin Powers, Don Nor-wood, Candace Woodley and Debra Bailes, were charged with criminal trespass in the third degree pursuant to § 13A-7-4, Code of Alabama 1975, for their involvement in three separate incidents which occurred in the Albertsons store in Huntsville, Alabama on November 24, 1981. Powers was charged with three separate violations, Nor-wood was charged with two separate violations and Woodley and Bailes were each charged with one violation. These seven separate actions were consolidated for trial which resulted in convictions in all seven cases. Powers was fined $25, $50 and $100, respectively, for his three criminal trespass convictions resulting from his three successive instances of trespass. Norwood was fined $25 and $50, respectively, for his two criminal trespass convictions. Woodley and Bailes were each fined $25 for their single convictions for criminal trespass.
The facts of the case are essentially undisputed. The trespasses arose out of union organizational efforts being conducted by the four defendants. Powers and Norwood were employees of the retail clerks union. Ms. Woodley and Ms. Bailes had been discharged the day before by Albertsons and on this occasion both were wearing jackets reading on the back, Retail Clerks’ Union Local 1557. It is manifestly apparent that all parties knew these people were present in the delicatessen section of the Albertsons store in connection with efforts to organize the employees. The store director requested all four of them to leave the premises and they refused. He called the police and the police requested them to leave. Mr. Powers attempted to present the officer with a card identifying himself with the union. There was also a National Labor Relations Board form on the table where the appellants were seated. Upon appellants’ refusal to leave, the police officer placed Powers under arrest and escorted all of them from the premises. Later that afternoon, they returned; a similar incident occurred with similar results except that this time all four of them were arrested. Later that evening, Mr. Powers and Mr. Norwood returned to the store and this time were arrested pursuant to a signed warrant.
Powers, Norwood, Woodley and Bailes were tried and convicted in Huntsville Municipal Court. At the trial de novo in the *1187 Madison County Circuit Court, a transcript of proceedings in the municipal court was received in evidence by agreement. The only testimony offered in circuit court was to establish venue. The defendants presented no evidence.
The central issue raised on this appeal is whether or not the federal government by the passage of the National Labor Relations Act preempted the law in this field, as contended by appellants, so that the state court was without jurisdiction to consider the trespass charges. In determining this issue, we are bound by and must follow the rules of law laid down by the United States Supreme Court and other federal courts in defining this thorny area of jurisdiction between the National Labor Relations Act on the one hand and the state laws on the other.
The Supreme Court in a series of cases has settled the question presented in this case adversely to appellant. The court had to determine and balance the right of employees to organize and of unions to solicit employees to organize on the one hand, and private property rights on the other. Both these rights are absolutely guaranteed by law. A review of the cases is appropriate. In Sears, Roebuck & Co. v. San Diego County District Council of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) the United States Supreme Court spelled out the law regarding the federal preemption insofar as picketing is concerning. The majority of the court ruled:
“Because the assertion of state jurisdiction in a case of this kind does not create a significant risk of prohibition of protected conduct, we are unwilling to presume that Congress intended the arguably protected character of the Union’s conduct to deprive the California Courts of jurisdiction to entertain Sears’s trespass action.”
This case is categorized as an organizational solicitation case. The United States Supreme Court held in NLRB v. Babcock & Wilcox Co., 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975 (1956) that there were circumstances in which non-employee union organizers have a limited right to access to an employer’s premises for the purposes of engaging in organization solicitation. In Bab-cock, the employer refused to permit non-employee union organizers to distribute union literature in the company-owned parking lots. The court made a distinction between employees and non-employees engaged in organizational activities. As to employees, the court recognized the principle that no restriction may be placed on the employees’s right to discuss self-organization among themselves unless the employer can demonstrate the necessity to maintain productions.
As to non-employees, however, a stricter standard was established. The court refused generally to permit organizational solicitation on company property. They provided one exception only: “If the location of a plant and the living quarters of the employees place the employees beyond the reach of reasonable union efforts to communicate with them, the employer must allow the union to approach his employees on his property.” (p. 113, 76 S.Ct. p. 685).
In Central Hardware Co. v. National Labor Relations Board, 407 U.S. 539, 92 S.Ct. 2238, 33 L.Ed.2d 122 (1972), a hardware retailer caused an organizer to be arrested. The court reaffirmed the ruling in Babcock, quoting:
“Organization rights are granted to workers by the same authority, the National Government, that preserves property rights. Accommodation between the two must be obtained with as little destruction of one as is consistent with the maintenance of the other. The employer may not affirmatively interfere with organization; the union may not always insist the employer aid organization. But when the inaccessibility of employees makes ineffective the reasonable attempt by non-employees to communicate with them by usual channels, the right to exclude from property has been required to yield to the extent needed to permit communication of information on the right to organize. 351 U.S., at page 112, 76 S.Ct. at 684.”
*1188 In the more recent Sears case, the Supreme Court observed:
“Experience with trespassory organizational solicitation by non-employees is instructive in this regard. While Babcock indicates that an employer may not always bar non-employee union organizers from his property, his right to do so remains the general rule. To gain access, the union has the burden of showing that no other reasonable means of communicating its organizational message to the employees exists or that the employers access rules discriminate against union solicitation. That the burden imposed on the union is a heavy one is evidenced by the fact that the balance struck by the board and the courts under the Babcock accommodation principle has rarely been in favor of the trespassory organizational activity.”
In this case, there is no evidence that the employees could only be reached while on the employer’s premises. Consequently the state law is not preempted by the National Labor Relations Act in this instance.
II
The appellants contend that their convictions should be reversed because § 13A-7-4, Code of Alabama 1975 (criminal trespass in the third degree), is unconstitutional in that it is either vague and overbroad or allows selective prosecution in violation of the “equal protection” clause of the 14th amendment (U.S. Const. amend. XIV).
Section 13A-7-4 states that “[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.” (emphasis added). The appellants argue that this language “is so overly broad and vague that persons of common intelligence must guess at its meaning and differ to its application.” In support of their arguments the appellants refer to City of Seattle v. Rice, 93 Wash.2d 728, 612 P.2d 792 (1980). The holding in Rice has been qualified in City of Seattle v. Davis, 32 Wash.App. 379, 647 P.2d 536 (1982), where the court validated the portion of the municipal ordinance corresponding to our § 13A-7-4. Alabama’s new trespass statutes are patterned after provisions of the New York Revised Penal Law. Alabama’s § 13A-7-4 corresponds to New York Revised Penal Law § 140.05.
New York’s § 140.05 was upheld in People v. Bush, 39 N.Y.2d 529, 384 N.Y.S.2d 733, 349 N.E.2d 832 (1976). New York’s § 140.10, which corresponds to Alabama’s § 13A-7-3 (criminal trespass in the second degree) was upheld in Ahmed v. Rockefeller, 308 F.Supp. 935 (S.D.N.Y.1970). Although a different statute was involved in Ahmed, the United States District Court analyzed and validated the same “enters or remains unlawfully” language found in § 13A-7-4. That court reasoned:
“The definition of ‘trespass’ is exact and straightforward, and without any explanation by the plaintiffs of just where the ambiguity lies, we conclude that it is not unconstitutionally vague. See, Adderley v. Florida, 385 U.S. 39, 41-43, 87 S.Ct. 242 [244-245], 17 L.Ed.2d 149 (1966); Edwards v. South Carolina, 372 U.S. 229, 236-237, 83 S.Ct. 680 [683-684], 9 L.Ed.2d 697 (1963). Nor is it so broadly drawn that it invades an area of protected expression. Its application is limited by the word of art ‘unlawfully’ only to those who are in a place where they do not have a right to be. See, Adderley v. Florida, supra, 385 U.S. at 41-43, 47, 87 S.Ct. 242 [244-245].”
We do not find § 13A-7-4 impermissibly vague or overbroad.
As regards the equal protection issue, neither the language of § 13A-7-4 nor in its application give rise to a reasonable claim of selective inforcement.
Therefore, § 13A-7—4 is not unconstitutional as challenged on this appeal.
Ill
Appellant’s contention that the police lacked probable cause to arrest the appellants during the first two incidents is unfounded; the appellants remained on the *1189 premises after being requested to leave in the presence of the arresting officers.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.