BOWEN, Presiding Judge.
Jerry Harrison was indicted and convicted for theft in the first degree. Alabama Code 1975, § 13A-8-3. He was sentenced as an habitual offender to life imprisonment.
On appeal of the conviction, Harrison’s appointed trial counsel did riot file a brief and the conviction was affirmed by this Court on June 12, 1984, without opinion, 461 So.2d 53. Harrison then filed a petition for writ of error coram nobis and was granted an “out-of-time” appeal. See Ex parte Longmire, 443 So.2d 1265 (Ala.1982).
On this appeal from his conviction, Harrison is represented by appointed counsel. The only issue raised is whether trial counsel was constitutionally ineffective.
In his order granting the coram nobis petition, the trial court found that trial counsel’s failure to file an appellate brief was “due to the illness of his [counsel’s] wife and a personal physical ailment of a staph infection of the eye.”
At the coram nobis hearing, the issue of trial counsel’s alleged incompetence was explored. In his order granting that petition, the trial court found that this issue was without merit: “The Court finds that the Defendant was adequately and vigorously represented on his trial and that witnesses were subpoenaed and examined and that the State witnesses were competently cross-examined.” There is nothing in the record of either the trial or the coram nobis hearing to generate doubt or uncertainty as to the absolute correctness of the trial judge’s findings. Applying the guiding principles of Strickland v. Washington, _ U.S. _, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), our independent review of the facts of this case convinces us that the defendant was well represented by competent and effective counsel.
At the coram nobis hearing, trial counsel testified that he found no merit to an appeal of the defendant’s conviction: “[I]t was really futile, ... there was really no basis for appeal.” It is significant that the defendant’s present appellate counsel has raised only one issue — that of trial counsel’s competence.
Once again, our review convinces us that the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.