Coleman **PENNINGTON,**
**Petitioner-Appellant,**

v.

Larry **SPEARS, Warden, and the State
of Alabama, Respondent-Appellees.**

No. 85–7238
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 13, 1986.

Charles A. Graddick, Atty. Gen. State of Ala., Rivard Melson, Montgomery, Ala., for respondent-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Coleman Pennington appeals from the district court's denial of his pro se petition for a writ of habeas corpus. In April 1982, Pennington was convicted of theft of property in the first degree, and was sentenced to life imprisonment under Alabama's Habitual Offender Act. In December 1984, Pennington filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). The magistrate characterized his petition as raising the following claims: (1) insufficiency of the evidence; (2) a constitutionally defective indictment; (3) the commission of perjury by a prosecution witness; (4) the failure to furnish a complete trial transcript; (5) warrantless searches of Ottis Pennington's house and petitioner's automobile; (6) evidence obtained as the result of an unlawful arrest; (7) violation of his privilege against self-incrimination; (8) ineffective assistance of counsel; (9) improperly impaneled jury; and (10) a three week delay in the setting of bail. *See* Record on Appeal at 83–84. The magistrate recommended that Pennington's petition be denied on the merits. In his objections to the magistrate's report, Pennington accepted the magistrate's characterization of his claims, but added the claim that he was improperly charged with two counts of theft of property in the first degree, even though both counts resulted from a single transaction. After considering Pennington's objections de novo, the district court denied his petition.

On appeal, Pennington raises the same claims presented to the magistrate and the district court. We affirm.

■ We first note that the state has waived the defense of lack of exhaustion. In its answer to Pennington's petition, the state expressly declined to raise this defense, instead requesting the district court to deny the petition on the merits. *See* Record on Appeal at 44. The magistrate then found that "[Pennington had] exhausted state judicial remedies," *id.* at 86, and the district court adopted the magistrate's report. Although it is not clear from the record whether Pennington has in fact exhausted state remedies, it is clear that the state does not assert a defense of lack of exhaustion. In *Thompson v. Wainwright,* 714 F.2d 1495 (11th Cir.1983), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984), we held that the state attorney general has the power to waive exhaustion. *Id.* at 1500–08. We also held in *Thompson* that the district court may, in its discretion, accept or reject this waiver. *Id.* at 1508–09. Since the court below reached the merits of Pennington's petition, we can assume that it accepted the state's waiver.[1]

■ Having found a waiver of the exhaustion defense, we turn to the merits. We conclude that the only claims warranting discussion are his contentions that he was denied effective assistance of counsel and that he was improperly charged with two counts of first degree theft. With respect to the former claim, Pennington alleges that his counsel was ineffective because his attorney was appointed too late in the proceedings to be adequately prepared for trial, and failed to call certain witnesses at trial. This contention, however, is without merit. Pennington's allegations concerning his counsel's inadequate preparation for trial and failure to call certain witnesses were fully explored in the state coram nobis proceeding, and Pennington has not suggested any material factual dispute.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-step inquiry for determining whether a defendant has been denied effective assistance of counsel: (1) the counsel's representation must have fallen below "an objective stan-

---

**1.** *See also Byrd v. Wainwright,* 722 F.2d 716, 718    n. 3 (11th Cir.1984).

dard of reasonableness," and (2) the defendant must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——, 104 S.Ct. at 2065, 2068, 80 L.Ed.2d at 693, 698. In the instant case, the record establishes that although plaintiff's counsel was not appointed until a week before trial, his attorney interviewed witnesses, discussed Pennington's defense with him, and informed him of the consequences of his habitual offender status. His attorney also informed him that the witnesses which he wanted to call possessed no relevant information and therefore should not be called to testify. Under these circumstances, we conclude that Pennington's counsel rendered reasonably effective assistance.

Pennington's contention that he was improperly charged with two counts of first degree theft even though both counts resulted from a single transaction lacks merit. It is well established that while a criminal defendant may not receive cumulative sentences for multiple offenses arising from a single transaction, he is not entitled to a reversal of his conviction when he is convicted and sentenced on only one count. *See, e.g., United States v. Colson,* 662 F.2d 1389, 1392 (11th Cir.1981). Since Pennington was only convicted and sentenced on one count of first degree theft, we conclude that his conviction is valid.

We have carefully considered Pennington's other claims, and conclude that they are without merit. The judgment of the district court is therefore

AFFIRMED.