James Allen Davis was convicted for robbery in the first degree and sentenced as a habitual offender to life imprisonment without parole. Three issues are presented on appeal.
 I
From the record this Court cannot determine whether or not the police actually had probable cause to arrest the defendant.
Around 4:00 on the morning of August 25, 1985, a single black male committed a robbery at a convenience store in Bay Minette, Alabama. Within minutes, Bay Minette Police Officer Larry Durant observed a car "parked in the woods . . . with the front end sticking towards the highway" approximately one block away from the store. Later, and apparently before the defendant was arrested, it was learned that the car bore a stolen Florida license plate which was registered to Hugh Owens in Pensacola, Florida. The car itself was registered to Kerry Louis Bell of Pensacola.
Officer Durant maintained surveillance of the car for approximately one hour and then started looking for suspects.
Soon after 6:00 that morning he received a radio communication that "there were some subjects hiding in a bushy area at a residence" belonging to Henry Lee Cox in Douglasville, a "black settlement" directly across and two blocks from the convenience store. Bell was arrested in the area "a little after six." He was identified by the robbery victim and by Mr. Cox and confessed to the robbery.
Shortly after Bell was arrested, Police Lieutenant Alec McDowell, Jr. arrested the defendant approximately two and one-half blocks from the convenience store. McDowell knew that one suspect had already been arrested. McDowell saw the defendant walking beside the "main drag" in Bay Minette, stopped him, checked his identification, and took the defendant into custody. Lieutenant McDowell testified that his probable cause for arresting the defendant was:
 "Two suspects, very dirty, wet, shoes muddy, and wet all over his clothes and dirty, like he had been going through the woods. He was from Florida, Florida tag. And I am not sure if the suspect, Number One, didn't tell us that he was with him."
At trial, Henry Lee Cox testified that around 5:30 on the morning of August 25, 1985, a stranger came up to his porch and asked him for a cigarette. This stranger and another man were "under [a] bush out there right in the front yard." Cox did not call the police but testified that an "[o]fficer come by and asked me had I seen two fellows, and I said, 'Yeah, they been to the house.'"
The trial judge found the existence of probable cause to arrest the defendant:
 "All right. The officer has testified there was a robbery around 6 something in the morning there. There was a vehicle there from Florida. The man had a driver's license which showed he was from Florida. Somebody had called-radio communications that there were two people hiding in a yard. He's not a known individual in the particular area. "I don't know how much else you want."
* * * * * *
 "Larry, there was a recent robbery. One of the participants was a black man. A car was left from Florida. Your man, who is not a native, has a Florida driver's *Page 1025 
license. He's all dirty just a few hours subsequent to the time of the robbery. He was within close vicinity of the place that was robbed."
When the defendant was arrested, the police had already arrested one suspect that fit the description of the robber. However, Mr. Cox testified that the police came looking for "two fellows" and Lieutenant McDowell testified that "suspect number one" may have indicated that the defendant was with him.
The question which the record leaves unanswered is what reason did the police have to believe that the defendant was involved in the robbery? Without a warrant, the police had no authority to arrest the defendant for the misdemeanor offense of criminal trespass. Powers v. City of Huntsville,440 So.2d 1185, 1188-89 (Ala.Cr.App. 1983), cert. denied, 469 U.S. 869,105 S.Ct. 217, 83 L.Ed.2d 147 (1984).
The statutory rule is that "[a]n officer may arrest any person without a warrant . . . [w]hen a felony has been committed and he has reasonable cause to believe that the person arrested committed it." Alabama Code § 15-10-3(3) (1975). Reasonable cause has been defined as "knowledge of circumstances such as would lead a reasonable man of ordinary caution, acting impartially, reasonably and without prejudice, to believe the person arrested to be guilty." Harrell v. State,475 So.2d 650, 652 (Ala.Cr.App. 1985). "Reasonable cause" and "probable cause" refer to the same quantum of evidence. Statev. Hanson, 480 So.2d 620, 623 (Ala.Cr.App. 1985). Probable cause must exist at the time of the actual arrest. 480 So.2d at 623. The existence of probable cause must be determined by examining the circumstances surrounding the arrest. Sellers v.State, 48 Ala. App. 178, 185, 263 So.2d 156 (Ala.Cr.App. 1972);Nance v. State, 424 So.2d 1358, 1362 (Ala.Cr.App. 1982).
"[W]here the arresting officer has no personal knowledge ofany of the facts establishing probable cause, but simply carries out directions to arrest given by another officer, . . . the officer who issues the directive must himself have probable cause to arrest." United States v. Webster,750 F.2d 307, 323 (5th Cir. 1984), cert. denied, 471 U.S. 1106,105 S.Ct. 2340, 85 L.Ed.2d 855 (1985) (emphasis in original). "[W]here the arresting officer has personal knowledge of facts which standing alone do not establish probable cause but, when added to information known by other officers involved in the investigation, tips the balance in favor of the arrest, . . . the 'laminated total' of the information known by officers who are in communication with one another must amount to probable cause to arrest." Webster, 750 F.2d at 323. Webster held that there was no probable cause for "an arrest based solely on (1) presence in the general vicinity of a crime hours after its commission; (2) while wearing muddy clothes; and (3) acting in an unusual manner." 750 F.2d at 324.
In the case under review, the record fails to show how the police knew that there was an accomplice involved in the robbery. Lieutenant McDowell could not state positively that Bell, the actual robber, informed the police of the defendant's participation in the robbery before the defendant's arrest. While the defendant's dirty and wet appearance might supply probable cause to believe that he was the second individual hiding under some bushes in Mr. Cox's yard with Bell, there is no showing that Bell was identified as the robber by the victim and identified by Mr. Cox before the defendant's arrest and that this information was communicated to Lieutenant McDowell, who arrested the defendant.
The record simply does not indicate why the police were seeking two robbery suspects. For these reasons, we remand this cause to the circuit court with directions that an evidentiary hearing be held to allow the State to supply the missing evidence in establishing probable cause. At the conclusion of the hearing the trial judge is directed to make written findings of fact regarding the existence or nonexistence of probable cause. If probable cause is found to exist, the transcript of the hearing and written findings of fact are to be forwarded to this court with reasonable dispatch. If the trial judge finds that there was no probable cause to arrest the defendant, he is directed to grant the proper and necessary relief. *Page 1026 
 II
The defendant argues that his confession should have been suppressed because it was obtained as a result of an illegal arrest. This issue cannot be decided until we have sufficient information on Issue I.
 III
Davis was improperly sentenced as a habitual felony offender to life imprisonment without the possibility of parole. At the sentencing hearing, the State introduced evidence that Davis had pleaded nolo contendere to five prior convictions. The use of these convictions was improper.
As recognized by the Attorney General, a conviction based upon a plea of nolo contendere cannot be used to enhance punishment. Snipes v. State, 404 So.2d 106, 109 (Ala.Cr.App.), cert. quashed, 404 So.2d 110 (Ala. 1981). On remand, the trial court is further directed to conduct a new sentencing hearing and sentence Davis in accordance with the laws of this state.
This cause is remanded to the circuit court of Baldwin County for further proceedings.
REMANDED WITH DIRECTIONS.
All Judges concur.