**Jerry HARRISON, Petitioner–Appellant,**

v.

**Ron JONES and Attorney General of the State of Alabama, Respondents–Appellees.**

No. 88–7707.

United States Court of Appeals, Eleventh Circuit.

Aug. 21, 1989.

**1280**

John M. Bolton, III, Robison & Belser, P.A., Lewey C. Hammett, Jr., Montgomery, Ala., for petitioner-appellant.

Don Siegelman, Atty. Gen., Stacey S. Houston, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

This appeal arises from the denial of a petition for habeas corpus relief brought under 28 U.S.C.A. § 2254(d) by an Alabama state prison inmate sentenced to life imprisonment under Alabama's Habitual Felony Offender Act, Ala.Code Ann. § 13A–5–9(c)(2). We affirm in part and reverse in part.

## I. FACTS

On January 26, 1984, petitioner Jerry Harrison was tried and convicted in Alabama state court of theft of property. In sentencing Harrison, the trial court applied the Habitual Felony Offender Act, Ala. Code Ann. § 13A–5–9(c)(2). The court considered four prior felony convictions to enhance petitioner's sentence: a March 31, 1965, conviction in California of second-degree burglary based on a plea of *nolo contendere;* an August 26, 1968, conviction in California of owning or possessing a concealable firearm after having been convicted of a felony; and two September 17, 1982, convictions in Alabama of third-degree burglary and receiving stolen property. Theft of property is defined as a Class B felony. Because petitioner had been convicted of at least three prior felonies, the trial judge sentenced him to life imprisonment. *See* Ala.Code Ann. § 13A–5–9(c)(2).

On July 24, 1984, petitioner filed his petition for writ of error coram nobis in state court. That petition was denied, and on December 11, 1984, the Alabama Court of Criminal Appeals affirmed petitioner's conviction and sentence. *Harrison v. State,* 461 So.2d 53 (Ala.Ct.Crim.App.1984). On August 9, 1985, petitioner filed a second petition for writ of error coram nobis. The trial court dismissed the petition, and the Alabama Court of Criminal Appeals affirmed the dismissal without opinion. Petitioner then filed an unsuccessful petition for habeas corpus relief in state court. On September 19, 1986, petitioner filed this federal petition for writ of habeas corpus in the Middle District of Alabama. An evidentiary hearing was held before a United States Magistrate, and on August 5, 1988, the magistrate entered a recommendation that the petition be granted to the extent that the State of Alabama be ordered to resentence petitioner within ninety days or to release him from custody. The district court did not adopt the magistrate's recommendation. On November 4, 1988, the district court entered an order denying the petition for habeas corpus relief. On November 15, 1988, the district court granted petitioner's application for certificate of probable cause to appeal. *See* 28 U.S.C.A. § 2253.

## II. DISCUSSION

Petitioner raises two issues on appeal. First, petitioner argues counsel was ineffective at the guilt phase of the trial by failing to object to the introduction into evidence for impeachment purposes of the 1965 California conviction based on his plea of *nolo contendere.* Such a conviction is clearly inadmissible for any purpose under Alabama law. *Wright v. State,* 38 Ala. App. 64, 79 So.2d 66, 69 (1954), *cert. denied,* 262 Ala. 420, 79 So.2d 74 (1955). Second, petitioner argues that counsel was ineffective at sentencing by failing to object to the trial court's consideration for enhancement purposes under the Habitual Felony Offender Act of his two California convictions, the first of which was based on a plea of *nolo contendere* and the second of which used the first conviction as an essential element of the offense. We address each of these issues in turn.

## A. *Ineffectiveness at the Guilt Phase of the Trial*

Petitioner testified in his own defense at trial. On cross-examination, the state introduced evidence of petitioner's prior convictions to impeach his credibility. One of those convictions was his 1965 California conviction of second-degree burglary entered after petitioner pleaded *nolo contendere.* Petitioner argues that evidence of this conviction was inadmissible at trial; that counsel was ineffective by not objecting to the introduction of the conviction; and that the admission of this evidence prejudiced his defense.

The issue of whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact subject to *de novo* review. *Goodwin v. Balkcom,* 684 F.2d 794, 803 (11th Cir.1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983); *see generally Oliver v. Wainwright,* 782 F.2d 1521 (11th Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 313, 93 L.Ed. 2d 287 (1986). To be entitled to relief, petitioner has the burden of establishing both ineffectiveness and prejudice. To establish ineffectiveness, petitioner has the burden of showing that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984). To establish prejudice, petitioner has the burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

 Counsel's failure to object to the introduction of petitioner's 1965 conviction clearly falls outside the range of professionally competent assistance. Since at least 1954, convictions based on pleas of *nolo contendere* have not been admissible in criminal prosecutions in Alabama for any purpose, including challenging the credibility of a witness. *Wright v. State,* 79 So.2d at 69 ("In our opinion a conviction on a plea of nolo contendere is not admissible in this jurisdiction for the purpose of discrediting a witness."); *see also Snipes v. State,* 404 So.2d 106, 109 (Ala.Crim.App.) ("The rule in Alabama is that a conviction based upon a plea of nolo contendere is inadmissible in evidence in the proceedings.") (citations omitted), *cert. quashed,* 404 So.2d 110 (Ala. 1981); *Smith v. State,* 46 Ala.App. 157, 239 So.2d 230, 236 (1970) ("A plea of nolo contendere is inadmissible in evidence in another proceeding."). At an evidentiary hearing on this petition conducted by the magistrate, trial counsel offered no explanation for his failure to object at trial to the introduction of the 1965 conviction. Counsel stated that he was unaware that the 1965 conviction was based on a plea of *nolo contendere* and further that he did not realize such convictions are inadmissible in criminal proceedings in Alabama. This lack of professional competence constitutes ineffectiveness within the meaning of *Strickland.* The question we must address is whether petitioner suffered prejudice from counsel's failure to object to the admission of this conviction.

The prosecution introduced overwhelming evidence of petitioner's guilt. Petitioner was convicted of stealing a motorcycle. An eyewitness testified petitioner stole his motorcycle; the motorcycle was found on petitioner's property; and police found a key to the motorcycle in petitioner's pocket at the time of his arrest. Although erroneous introduction of a prior conviction is damaging to a criminal defendant, *see Loper v. Beto,* 405 U.S. 473, 482–83, n. 11, 92 S.Ct. 1014, 1018–19, n. 11, 31 L.Ed.2d 374 (1972), petitioner has not shown a reasonable probability that the result would have been different had defense counsel objected to the admission into evidence of the 1965 conviction. The physical evidence presented by the prosecution at trial made petitioner's version of events highly unlikely even in the absence of evidence impugning his credibility. The fact that petitioner's 1965 conviction was the fourth prior felony conviction used to impeach his testimony lessened the prejudicial impact of the erroneous introduction of this conviction. We hold that petitioner has failed to demonstrate prejudice from counsel's failure to

object at trial to the admission of his 1965 conviction. Consequently, we affirm the district court in denying petitioner relief on his claim of ineffective assistance of counsel at the guilt phase of the trial.

### B. *Ineffectiveness at Sentencing*

■ Petitioner also argues counsel was ineffective at his sentencing proceeding. The trial judge sentenced petitioner under the Alabama Habitual Felony Offender Act, Ala.Code Ann. § 13A–5–9(c)(2).[1] That section provides enhanced punishment for defendants who have been convicted previously of three felonies. The trial court found that petitioner had been convicted previously of four felonies. Petitioner argues that counsel was ineffective for not challenging the convictions used to enhance petitioner's sentence; that the trial court erred in considering his two California convictions at sentencing;[2] and that he suffered prejudice from counsel's ineffectiveness because absent these two convictions section 13A–5–9(c)(2) would not have applied to enhance his sentence. Petitioner has the burden of establishing both ineffectiveness and prejudice under *Strickland* on this claim.

■ A court in Alabama cannot consider a conviction based on a plea of *nolo contendere* in enhancing a sentence under the Habitual Felony Offender Act. *Snipes v. Alabama*, 404 So.2d 106 (Ala.Crim.App.), *cert. quashed*, 404 So.2d 110 (Ala.1981); *see also Davis v. State*, 507 So.2d 1023, 1026 (Ala.Crim.App.1986). The trial court,

however, considered petitioner's 1965 California conviction which was based on a plea of *nolo contendere*. An objection to the court's consideration of this conviction was clearly available to counsel at sentencing. The decision in *Snipes* became final in 1981, more than two years before petitioner's conviction. In a hearing held before the federal magistrate on this petition, counsel stated he did not realize that convictions based on pleas of *nolo contendere* could not be used to enhance a sentence. We hold that counsel's lack of awareness of Alabama law and his failure to object at sentencing constitute ineffectiveness under *Strickland.*

The crucial issue in this case is whether petitioner suffered prejudice from counsel's failure to challenge the use of his California convictions at sentencing. Absent the 1965 conviction, petitioner had three prior felony convictions the trial court could have considered for enhancement purposes, the 1968 California conviction and the two 1981 Alabama convictions. Petitioner argues that his 1968 conviction for owning or possessing a concealable firearm after having been convicted of a felony could have been challenged on the same ground as his 1965 conviction. Alabama considers convictions from other jurisdictions for sentence enhancement purposes only if the convictions were for crimes defined as felonies under Alabama law. *See Gwynne v. State*, 499 So.2d 802, 809–10 (Ala.Crim.App.1986); Ala.Temp.R.Crim.P. 6(b)(3)(iv).[3] This rule was clear at the time the trial court sen-

---

**1.** That section provides: "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: (2) On conviction of a Class B felony, he must be punished for life in the penitentiary...." (emphasis added)

**2.** In Alabama, failure to object at sentencing to the validity of prior convictions by the trial judge generally bars further challenge to the sentence on appeal. *Nichols v. State,* 480 So.2d 82 (Ala.Crim.App.1985). Had the state asserted this procedural bar, petitioner would have had to satisfy the cause and actual prejudice test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The state, however, did not raise this issue, and consequently has waived its procedural bar. *Boykins v. Wainwright,* 737 F.2d 1539, 1545 (11th Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985); *see generally Pennington v. Spears,* 779 F.2d 1505, 1506 (11th Cir.1986) (waiver of exhaustion requirement).

**3.** Ala.Temp.R.Crim.P. 6(b)(3)(iv) defines a felony conviction for purposes of enhancement under the Habitual Felony Offender Act as follows: "Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony [under Alabama law], or would have constituted a felony ... had the conduct taken place in Alabama on or after January 1, 1980."

tenced petitioner. *See, e.g., Poole v. State*, 445 So.2d 967, 972 (Ala.Crim.App.1983). Although Alabama prohibits persons convicted of certain felonies from owning or possessing a pistol, Ala.Code Ann. § 13A–11–72(a), petitioner argues that his possession of the firearm would not have constituted a felony under Alabama law, because the necessary underlying conviction, the 1965 burglary conviction based on the plea of *nolo contendere*, does not constitute a valid prior conviction within the meaning of section 13A–11–72(a).

As indicated, the trial court could have considered petitioner's 1968 conviction only if the conduct that formed the basis of the conviction constitutes a felony under Alabama law. Alabama prohibits persons convicted of a crime of violence from owning or possessing a pistol. Ala.Code Ann. § 13A–11–72(a). Petitioner's 1965 conviction was for burglary, and Alabama defines burglary as a crime of violence. Ala.Code Ann. § 13A–11–70(2). A violation of section 13A–11–72(a) is a felony in Alabama. Ala.Code Ann. § 13A–11–84(a) ("Every violation of subsection (a) of section 13A–11–72 ... shall be punishable by imprisonment for not more than five years."). On its face, then, petitioner's conduct, owning or possessing a concealable firearm after having been convicted of burglary, constitutes a felony under Alabama law, and the trial court could have considered the 1968 conviction at sentencing. Petitioner's prior convictions thus would have been sufficient to enhance his sentence under section 13A–5–9(c)(2), *see James v. State*, 500 So.2d 474, 478 (Ala.Crim.App.1986), and petitioner would not have suffered any prejudice as a result of counsel's errors.

Petitioner argues that a conviction based on a plea of *nolo contendere* is not a conviction that can be used as the underlying felony for prosecution under section 13A–11–72(a). *See May v. Lingo*, 277 Ala. 92, 167 So.2d 267 (1964) (state cannot use conviction from plea of *nolo contendere* to revoke driver's license under statute mak-

ing revocation mandatory after conviction); *State v. Thrower*, 272 Ala. 344, 131 So.2d 420 (1961) (state cannot use conviction from plea of *nolo contendere* to hold person ineligible to hold public office under statute making ineligible persons convicted of certain crimes); *see generally Smith v. State*, 239 So.2d at 236 (plea of *nolo contendere* inadmissible in evidence). In prosecutions under section 13A–11–72(a), the state has the burden of proving a defendant has been convicted of a crime of violence. *See McCarty v. State*, 55 Ala.App. 342, 315 So.2d 139, 142 (Crim.App.1975). Petitioner argues that the state could not have met this burden because his 1965 conviction would not have been an admissible prior felony conviction. In essence, petitioner argues that owning or possessing a firearm after a felony conviction based on a plea of *nolo contendere* is not a violation of section 13A–11–72(a). Petitioner argues that absent consideration of his 1968 conviction the state could not have shown he had been convicted of three prior felonies, and that therefore he suffered actual prejudice from counsel's ineffectiveness because he would not have been subject to enhanced punishment under section 13A–5–9(c)(2).

The Alabama courts have not considered whether a conviction based on a plea of *nolo contendere* can be used as the underlying offense in a prosecution under section 13A–11–72(a). If this 1965 conviction is an appropriate underlying conviction for purposes of section 13A–11–72(a), then defendant did not suffer any prejudice. Petitioner need not show actual prejudice to receive relief under *Strickland*, however. Petitioner needs to show only a reasonable probability that the result of the sentencing proceeding would have been different had counsel challenged the 1965 and 1968 convictions. We conclude that petitioner's argument would have had a reasonable chance of success if presented to the trial court at sentencing in light of *Lingo, supra; Thrower, supra;* and *Smith, supra.*[4]

---

4. The state argued in a motion filed with the district court on August 11, 1988, that in light of the uncertain state of the law in Alabama the district court, and by extension this Court, at most should certify the question to the Alabama Supreme Court. *See* Ala.R.App.P. 18. The question to be certified, however, would be whether a conviction based on a plea of *nolo*

**1284**

We hold that petitioner has demonstrated prejudice within the meaning of *Strickland,* because there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

The district court found no sentencing error because it held that a conviction based on a plea of *nolo contendere* could be used to enhance a sentence under the Habitual Felony Offender Act. That is clearly incorrect. *Snipes v. Alabama,* 404 So.2d 106 (Ala.Crim.App.), *cert. quashed,* 404 So.2d 110 (Ala.1981); *see generally Davis v. State,* 507 So.2d 1023, 1026 (Ala. Crim.App.1986). Because petitioner has demonstrated both ineffectiveness and prejudice within the meaning of *Strickland,* he is entitled to relief. The magistrate recommended that the writ be granted to the extent of vacating petitioner's sentence and ordering the state to grant petitioner a new sentencing hearing within ninety days. We agree that this is an appropriate remedy.

### III. CONCLUSION

We AFFIRM the district court's denial of the petition for writ of habeas corpus based on counsel's ineffectiveness at the guilt phase of the trial. We REVERSE the district court's denial of the petition based on counsel's ineffectiveness at sentencing. The state has ninety days in which to hold a resentencing hearing. If the state fails to hold a resentencing hearing within ninety days, petitioner must be released from custody.

---

*contendere* can be used as the underlying conviction for prosecution under section 13A–11–72(a). The question we address on this appeal is whether petitioner is entitled to relief under 28 U.S.C.A. § 2254(d) on his claim of ineffective assistance of counsel. The question we are urged to certify to the Alabama Supreme Court would not be dispositive. We have already concluded that petitioner's counsel was ineffective and that this argument, if presented, would have had a reasonable probability of changing the result at sentencing. Consequently, this issue is not an appropriate issue to certify to the Alabama Supreme Court. *See* Ala.R.App.P. 18(a)

(questions certified must be determinative). We note that in granting petitioner relief we do not infringe upon the State of Alabama's authority to interpret its own law. We do not decide whether petitioner was improperly sentenced; we decide only that petitioner's argument, that the trial court could not have considered his 1968 conviction at sentencing, has a reasonable probability of success under Alabama law. At resentencing, a court of the State of Alabama will determine whether a conviction based on a plea of *nolo contendere* can be used as the underlying conviction in a prosecution under section 13A–11–72(a).