585 So.2d 180 (1991)
William Henry JONES, alias
v.
STATE.
CR 89-481.
Court of Criminal Appeals of Alabama.
February 1, 1991.
On Return to Remand April 26, 1991.
Rehearing Denied June 14, 1991.
Certiorari Denied August 23, 1991
James M. Scroggins, Daphne, for appellant.
Don Siegelman, Atty. Gen., and Gilda B. Williams, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1901502.
PATTERSON, Presiding Judge.
William Henry Jones was charged with and was convicted of robbery in the third degree, in violation of § 13A-8-43(a)(2), Code of Alabama 1975, and theft of property in the first degree, in violation of § 13A-8-3. He also was charged with attempted murder, in violation of § 13A-4-2, but was convicted of the lesser included offense of assault in the second degree. Subsequently, after finding that he had had four prior felony convictions, the trial court sentenced him under the Habitual Felony Offender Act, § 13A-59(c), to life imprisonment for each conviction. The sentences were ordered to run consecutively. He now appeals, raising four issues for review.

I. & II.
Appellant's contentions that the trial court erred in admitting evidence of the two foreign felony convictions for the purpose of sentence enhancement because the certified copies of conviction showed no identification characteristics other than similarity of name and erred in granting the state's motion to consolidate the three charged offenses for trial are without merit.

*181 III.
Appellant argues that two of the foreign felony convictions were not admissible for enhancement purposes because they were based on pleas of nolo contendere. The state argues that this issue was not preserved for review. "However, we consider the sentencing error a jurisdictional one which is not subject to waiver." Blair v. State, 549 So.2d 112, 114 (Ala.Cr. App.), cert. denied, 549 So.2d 114 (Ala.1988) (citations omitted). In this state, "a conviction based upon a plea of nolo contendere cannot be used to enhance punishment." Davis v. State, 507 So.2d 1023, 1026 (Ala. Cr.App.1986) (quoting Snipes v. State, 404 So.2d 106, 109 (Ala.Cr.App.), cert. quashed, 404 So.2d 110 (Ala.1981)). The record discloses that the two prior convictions complained of were the result of nolo contendere pleas and should not have been used by the trial court for enhancement purposes. For this reason, this cause is due to be remanded for a new sentencing hearing.

IV.
Appellant contends that the trial court erred to reversal in refusing to give his requested written instruction regarding the offense of unauthorized use of a vehicle. The state contends that this issue is not preserved for review. However, a careful review of the record reveals otherwise.
The state's evidence showed that on June 15, 1989, while on patrol in his patrol car, Officer Phillip Snodgrass stopped the car in which appellant was an occupant. Snodgrass suspected that this car was the one used in a recently reported robbery. After getting the two occupants out of the car and searching them for weapons, Snodgrass was attacked by appellant. The other occupant fled in the car which had been stopped. When Snodgrass was able to make use of his service revolver, he shot appellant, who was running toward the patrol car. Appellant "jumped" in the patrol car and fled the scene. He was apprehended after a high-speed chase. Appellant offered no evidence and did not testify in his defense.
The instruction refused by the trial court reads as follows: "A person commits the crime of unauthorized use of a vehicle if: 1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over or otherwise uses a propelled vehicle." This requested written instruction is a verbatim recital of § 13A-8-11(a)(1).
"Although the charge requested by the defendant may be a correct statement of the law, the law is well settled in Alabama that it is not reversible error to refuse a charge which merely states an abstract principle of law without containing instructions as to the effect such doctrine has on the issues involved in the case."
Rogers v. State, 417 So.2d 241, 247 (Ala.Cr. App.1982) (citations omitted). Additionally, "[t]he refusal of a written instruction not hypothesized on a belief from the evidence is not error." Eslava v. State, 473 So.2d 1143, 1148 (Ala.Cr.App.1985) (citations omitted). Furthermore, the trial court will not be held in error when it properly refuses a written requested instruction which is not applicable to, and supported by, the evidence presented at trial. See Bogan v. State, 529 So.2d 1029, 1032 (Ala.Cr.App. 1988); Scanland v. State, 473 So.2d 1182, 1187 (Ala.Cr.App.1985), cert. denied, 474 U.S. 1035, 106 S.Ct. 602, 88 L.Ed.2d 581 (1985); Ainsworth v. State, 465 So.2d 467, 470 (Ala.Cr.App.1984); Rogers, 417 So.2d at 247-48.
We conclude that the trial court was correct in refusing appellant's requested written instruction, because it is no more than an abstract statement of the law, because it is not hypothesized on a belief from the evidence, because no factual basis exists to support the giving of such an instruction, and because it would be confusing to the jury.
The convictions in the instant case are due to be affirmed; however, we remand the cases to the trial court to conduct a new sentencing hearing wherein the prior convictions based on the nolo contendere pleas are not used for enhancement purposes. Within 30 days from the date of *182 this opinion, due return should be made to this court of the actions taken.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Presiding Judge.
It appears that the trial court has fully complied with our remand, holding a new sentencing hearing in accordance with our instructions and filing a return of the action taken. The return discloses that, after a proper hearing, the trial court sentenced the appellant as a habitual offender, with two prior felony convictions, to life imprisonment in each of the three cases in which he stood convicted. The three life sentences were ordered to run consecutively.
The resentencing proceedings being proper and the sentences being within the legally authorized range, the convictions and the sentences are due to be, and they are hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.