PATTERSON, Judge.
The appellant, Ronald Averett, appeals his conviction for theft of property in the first degree, § 13A-8-3, Code of Alabama 1975, and his resulting sentence, as a habitual offender, of life imprisonment.
Averett asserts, as one of the four issues raised on appeal, that he was improperly sentenced as a habitual offender with at least three prior felony convictions because the following three convictions upon which the trial court relied to enhance are based on nolo contendere pleas: (1) burglary and grand theft, 88-850CFA5B, Escambia County, Florida; (2) burglary, 88-851CFA5B, Es-cambia County, Florida; and (3) burglary and grand theft, 88-852CFA5B, Escambia County, Florida.
In response to this assertion, the attorney general recognizes the general proposition that a prior conviction based on a plea of nolo contendere cannot be used to enhance a sentence for purposes of the Habitual Felony Offender Act. See Davis v. State, 507 So.2d 1023, 1026 (Ala.Cr.App.1986); Snipes v. State, 404 So.2d 106 (Ala.Cr.App.), writ quashed, 404 So.2d 110 (Ala.1981). We further observe that a violation of this rule need not be preserved for review in order for it to be addressed on direct appeal. Jones v. State, 585 So.2d 180, 181 (Ala.Cr.App.1991).
The attorney general presents two arguments for the position that these three prior convictions were properly used for enhancement: (1) these same three convictions had been used to enhance Averett’s punishment for another conviction (see Averett v. State, 617 So.2d 702 (Ala.Cr.App.1992) (affirmed by unpublished memorandum)); and (2) Averett had admitted these three prior convictions during his cross-examination in the trial resulting in that other conviction.[1] He argues *2 that Averett’s present issue cannot negate the concession by Averett and his counsel to the authentication and proof of his convictions in his other trial. No authority has been cited for the state’s position, and we find it unpersuasive. In fact, in Jones v. State, 585 So.2d at 181, we held that the improper use of convictions based on nolo contendere pleas for enhancement was a jurisdictional error, not subject to waiver. Cf. Ex parte Jenkins, 586 So.2d 176 (Ala.1991) (wherein the court held that, if a conviction pursuant to a plea of nolo contendere is used to enhance punishment under the Habitual Felony Offender Act, counsel is ineffective if he fails to object to such enhancement).
Accordingly, this cause is remanded to the trial court with instructions that that court resentence Averett without enhancement by any prior conviction based upon a plea of nolo contendere. The court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 42 days of the release of this opinion.
By this action, we consider moot Averett’s argument that these three prior convictions used for enhancement were inadequately proven. Averett’s claim that his right to a speedy trial was violated by an eight-month delay is without merit. See Mitchell v. State, 530 So.2d 908 (Ala.Cr.App.1988); Cofer v. State, 440 So.2d 1116 (Ala.Cr.App.), aff'd in pertinent part, 440 So.2d 1121 (Ala.1983). Likewise without merit is his claim that the prosecution failed to comply with his discovery request; the requested information was not in the prosecution’s possession. See H. Maddox, Alabama Rules of Criminal Procedure, § 16.1 at 489 (1990).
REMANDED WITH DIRECTIONS.
All Judges concur.

. We note that, in that other trial, Averett did not actually admit to all three of these prior convictions. Rather, when asked if he had been convicted eight times in Escambia County for burglary and grand theft in 1988 and 1989, Averett answered, “I can't recall.” Thereafter, the pros *2 ecutor had certified copies of the convictions marked for identification, but they were not in-traduced during the guilt phase.