700 So.2d 355 (1996)
Billy Jack KAIN, Jr.
v.
STATE.
CR-95-0039.
Court of Criminal Appeals of Alabama.
August 23, 1996.
Order on Return to Remand June 20, 1997.
*356 Stephen Smith, Albertville, for appellant.
Billy Jack Kain, Jr., pro se.
Jeff Sessions and Bill Pryor, attys. gen., and Beth Poe, asst. atty. gen., for appellee.
LONG, Presiding Judge.
This is a direct appeal from a conviction for attempted rape, entered pursuant to a guilty plea. While the appellant, Billy Jack Kain, Jr., raises a number of issues on appeal, this court need only address the issue of whether this case should be remanded to the trial court for resentencing.
The appellant was sentenced to 50 years' imprisonment upon application of the Habitual Felony Offender Act. The appellant's sentence was enhanced based on a 1984 conviction in Arkansas for rape. Apparently, when the guilty plea was entered in the present case, there was some concern expressed that the 1984 Arkansas conviction would be overturned, and the parties arrived at a tentative plea agreement based on the outcome of that case. In essence, the agreement provided that if the 1984 Arkansas conviction was overturned, the present case would be returned to the trial court and the appellant would then be sentenced to 15 years' imprisonment for the Class B felony of attempted rape and that sentence would not be enhanced.
The state now concedes that the appellant's 1984 Arkansas conviction was based on a plea of nolo contendere, and, thus, could not be used to enhance the appellant's sentence under the Habitual Felony Offender Act. This court has long held that "prior felony convictions based on pleas of nolo contendere cannot be used in Alabama to enhance a sentence for purposes of applying the Habitual Felony Offender Act." McHarris v. State, 678 So.2d 259, 260 (Ala.Crim. App.1996); Averett v. State, 640 So.2d 2 (Ala. Cr.App.1994). See Ex parte Jenkins, 586 So.2d 176 (Ala.1991). Moreover, improper enhancement of a sentence as a result of a prior plea of nolo contendere presents a jurisdictional issue that is not subject to waiver by the appellant. Jones v. State, 585 So.2d 180, 181 (Ala.Cr.App.1991); Averett v. State, 640 So.2d 1, 2 (Ala.Crim.App.1993).
It is clear from the record that the trial court erred by sentencing the appellant pursuant to the Habitual Felony Offender Act using his 1984 Arkansas conviction. Because the essence of the plea agreement provided that if the Arkansas conviction was not used to enhance the appellant's sentence, the appellant would be sentenced to 15 years in prison, this cause is remanded to the trial court with directions that that court resentence the appellant, without enhancement, according to the terms of the plea agreement.[1] Within 42 days from the date of this *357 opinion, due return should be made to this court of the actions taken.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
LONG, Presiding Judge.
On August 23, 1996, we remanded this case with directions to the trial court to resentence the appellant, Billy Jack Kain, Jr., for his conviction for attempted rape entered pursuant to a guilty plea made as the result of a plea agreement with the state. The appellant had been sentenced to 50 years' imprisonment upon application of the Habitual Felony Offender Act ("HFOA"). His sentence was enhanced by a 1984 conviction in Arkansas for rape. The plea agreement provided that if the appellant's Arkansas conviction could not be used, under the HFOA, to enhance the appellant's sentence for attempted rape, the appellant would be sentenced, without application of the HFOA, to 15 years in prison. The state conceded in its brief to this court that the appellant's 1984 Arkansas conviction was based on a plea of nolo contendere and that this conviction thus could not be used to enhance the appellant's sentence under the HFOA. See, e.g., Averett v. State, 640 So.2d 2 (Ala.Cr.App.1994). Accordingly, the state requested that the appellant's case be remanded so that the appellant could be resentenced pursuant to the terms of the plea agreement. On return to remand, the trial court has filed a copy of a case action summary sheet reflecting that the appellant has been resentenced to 15 years in prison. The trial court's judgment is affirmed.
AFFIRMED.
All Judges concur.
NOTES
[1] The appellant made no claim in the trial court that his guilty plea was involuntary or unknowing because it was entered based on his belief that his sentence would be different than it was once the 1984 Arkansas conviction was not used for enhancement purposes.