MOORE, Chief Justice
(dissenting).
I respectfully dissent because I do not think that this Court should accept a certified question when critical facts are not before the Court.
I was not a member of this Court when the certified question from the United States District Court for the Middle District of Alabama was answered on original submission. However, I note that Danny Weeks and Vicki Weeks, the plaintiffs in the federal case, urged this Court at that time to decline to answer. Weekses’ brief on original submission (hereinafter ‘Weekses’ original brief’), at 8-13. One of the grounds urged was that “the answer would not be determinative of the cause, which is the purpose of certification.” Id. at 13. I believe this suggestion points to the proper resolution of this application for rehearing.
The Alabama rule that provides for answering certified questions from the federal courts reads as follows:
“When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.”
Rule 18(a), Ala. R.App. P. (emphasis added). This Court consented to answer the certified question on October 17, 2011. However, that decision is subject to reconsideration. See Patmore v. First Unum, 841 So.2d 233 (Ala.2002) (declining to answer a certified question from a federal court that had erroneously been accepted).
Rule 18(a) allows a federal court to certify to this Court “questions or propositions of law of this State which are determinative of said cause,” namely the proceeding pending before the federal court. In support of this requirement, the certifying court stated that “‘[t]he question framed ... is “determinative” of this case in the sense that a negative answer would require dismissal of the Weekses’ claims against the brand-named defendants'...’” 159 So.3d at 654-55. The certifying court’s statement omits any mention of whether a positive answer would also be determinative of the outcome of the case. If this Court’s answer to the certified question is “no,” the Weekses’ claims must be dismissed for failure to state a claim. However, an answer of “yes,” as proposed by the majority, will not be “determinative of said cause.” In that event, the Weekses may proceed with their cause of action for misrepresentation, but the ultimate success of their claims will depend upon facts not before us. For example, if Danny Weeks’s prescribing physician did not rely on the Reglan labeling when prescribing the drug, then the Weekses will have failed to prove causation and their claims will fail. According to the Weekses, neither *682 Danny’s prescribing physician nor his other medical providers have yet been deposed. Weekses’ original brief, at 3-4.
Additionally, as the Weekses stated in urging this Court to decline to answer the certified question, both Wyeth, Inc., and Schwarz Pharma, Inc., two of the three brand-name defendants,[17] apparently no longer had an interest in the Reglan brand at the time Danny Weeks’s physician diagnosed him with tardive dyskinesia in 2009.[18] Wyeth sold its interest in Reglan to Schwarz Pharma on December 27, 2001, and ceased manufacturing or selling Re-glan after that date. Schwarz Pharma in turn sold its interest in Reglan to another company in February 2008. Weekses’ original brief, at 10-12. According to the Weekses, Wyeth and Schwarz Pharma are both raising a federal-preemption defense, arguing that, after selling their interest in Reglan, they lost all ability to change Re-glan’s labeling. See PLIVA, Inc. v. Mensing, 564 U.S. -, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011) (holding that state-law claims of misrepresentation in labeling were preempted by federal law when the defendant had no control over labeling of the product alleged to have injured the plaintiff).
Whether the federal-preemption defense will succeed is unknown, but its presence in the case renders an answer of “yes” to the certified question mdeterminative of the cause. As the Weekses have argued, the certified question “should not be decided because it raises a federal question better addressed by the federal court.” Weekses’ original brief, at 13. See Pal-more, 841 So.2d at 235 (declining to answer a nondispositive certified question “lest our answer resemble an opinion on an abstract point of law irrelevant to the underlying case”). See also Stewart Title Guar. Co. v. Shelby Realty Holdings, LLC, 83 So.3d 469, 472 (Ala.2011) (holding that the “determinative of said cause” requirement of Rule 18(a) prohibits the Court from answering a certified question that “would necessitate our fashioning a broad rule with the possibility that it would have no application to the particular facts presented”); Harrison v. Jones, 880 F.2d 1279, 1283 n. 4 (11th Cir.1989) (refusing to certify a question of law to the Alabama Supreme Court because the question “would not be dispositive” and noting that under Rule 18(a) “questions certified must be determinative”).
The problem of factual uncertainty is most likely to occur, as in this case, in the context of a question certified from a federal trial court. Because the question of law before us was certified after the denial of the defendants’ motion to dismiss, factual development is still incomplete in the federal case.
“[W]e think it will be incumbent upon us to respond to questions only when it is apparent from the certification itself that all material facts have been either agreed upon or found by the court and that the case is in such posture in all respects that our decision as to the applicable [state] law will in truth and in fact be ‘determinative of the cause’ as the statute conferring jurisdiction upon us requires.”
In re Richards, 223 A.2d 827, 833 (Me.1966) (construing Me.Rev.Stat. Ann., tit. 4, § 57). In this case, however, the facts have yet to be determined. See Hanchey v. Steighner, 549 P.2d 1310, 1310-11 (Wyo. *683 1976) (finding that a certified question from a federal trial court was “premature” when the case was “merely in the pleading stage” and “[i]t does not clearly appear that even if the question were answered, how the answer would be determinative of the cause pending in the federal court”).
The United States Court of Appeals for the Fourth Circuit, considering certifying a question of state law to the Maryland Court of Appeals, addressed a situation somewhat like the one currently before this Court. If the state court answered “no” to the question, the case would be over, but if it answered “yes,” “further proceedings would still be necessary in a federal tribunal and those proceedings might result in an adjudication which would render the certification and the opinion of the [state] court a futile, academic exercise with respect to final disposition of this case.” Boyter v. Commissioner, 668 F.2d 1382, 1385 (4th Cir.1981). In those circumstances the Fourth Circuit declined to certify the question of law for determination by the Maryland Court of Appeals “unless and until it appears that the answer is dispositive of the federal litigation or is a necessary and inescapable ruling in the course of the litigation.” Id. Similarly, in this case, we should decline to answer a question that may likely not be determinative of the federal case and thus fails to conform to the mandate of Rule 18 that creates our jurisdiction to answer such questions.[19]
I also believe that imposing an industry-wide duty on brand-name manufacturers through the procedural mechanism of a certified question is unwise. I would far prefer to address this issue, if necessary, on a complete record following a final judgment in a state trial court that resolved all factual questions.
For the reasons stated above, I believe that this Court’s acceptance of the certified question was in error and that we should decline to answer the certified question. Palmare.

. Pfizer, Inc., the third brand-name defendant, is the parent company of Wyeth. Brand-name defendants’ brief on original submission, at 3 n. 2.

. The Weekses allege that Danny first began ingesting metoclopramide, the generic name for Reglan, in 2007.

. Other states, following the language in the Uniform Certification of Questions of Law Act (1967), permit certification of questions of law that "may be determinative of the cause then pending in the certifying court” or, following the 1995 version of that Act, that “may be determinative of an issue in pending litigation in the certifying court.” (Emphasis added.) These broader formulations do not reflect the Alabama rule, which requires the presence of "questions or propositions of law of this State which are determinative of said cause.” (Emphasis added.)