I concur specially as to Part VI of the majority opinion because I agree with the special concurrence written by Judge Book-out in Snipes v. State, 404 So.2d 106 (Ala.Crim.App. 1981), which was noted by the majority in footnote 1. In Part VI, Judge Bowen correctly points out that Alabama "follows the minority rule that a conviction resulting from a plea of nolo contendere is inadmissible not only to prove the conduct underlying the conviction, but for all other purposes." I concur specially because I am bound to follow the decisions of the Supreme Court of Alabama, § 12-2-16, Code of Alabama 1975,Hampton v. State, 455 So.2d 149 (Ala.Crim.App. 1984), although I believe that the Supreme Court of this state should adopt the view noted in footnote number 1 of the majority opinion.
In Snipes, 404 So.2d at 109, Judge Bookout, joined by two other judges, stated that he disagreed with the reasoning of those cases that hold that "a plea of nolo contendere cannot be used in any other proceeding" and he urged the Supreme Court to adopt the reasoning of Justice Goodwyn's dissent in State v.Thrower, 272 Ala. 344, 131 So.2d 420 (1981), that "the 'conviction' and not the 'nature of the plea' is what should govern." In his dissent from the majority's decision to quash the writ of certiorari in Ex parte Snipes, 404 So.2d 110 (Ala. 1981), Justice Almon, joined by Justice Maddox, stated that "the cases holding that a plea of nolo contendere cannot be used in another proceeding should not be followed." 404 So.2d at 110. Of the six justices who voted to quash the writ inSnipes, five justices no longer sit on the Supreme Court. Therefore, I would urge the Supreme Court to re-examine its adherence to the minority rule with regard to the use of nolo contendere pleas in other proceedings and to adopt the majority rule. *Page 343